UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOULEVARD & TRUMBULL
TOWING, INC.,

       Plaintiff,

vs.

CITY OF DETROIT, CITY OF DETROIT
POLICE DEPARTMENT, and DETROIT
BOARD OF COMMISSIONERS,

       Defendants.

Case No: 17-cv-12446
Hon. Sean F. Cox
Magistrate Judge: Patricia T. Morris

_____

CITY OF DETROIT,

       Defendant/Counter-Plaintiff/ Third Party Plaintiff,

vs.

BOULEVARD & TRUMBULL TOWING, INC.,
a Delaware corporation,

       Plaintiff/Counter-Defendant,

and

FIORE VENTURES II, INC., a Michigan corporation,
THE REALTY COMPANY, a Michigan corporation,
THE REALTY COMPANY 2411 VINEWOOD, INC., a Michigan
corporation, EMERGENCY ROAD RESPONSE, INC., a Michigan
corporation, JJG EQUIPMENT, LLC, a Michigan limited liability
company, GASPER FIORE, an individual, JOAN FIORE, an individual,
JESSICA FIORE, an individual, and JENNIFER FIORE, an individual,

       Third-Party Defendants.

_____

CYRIL C. HALL (P29121)
AMIR I. MAKLED (P76306)
Law Offices of Cyril C. Hall, P.C.
*Attorneys for Plaintiff/*
*Counter Defendant*
23756 Michigan Ave., Ste. 300
Dearborn, MI 48124-1853
(313) 582-7930
cyrilhalllaw@sbcglobal.net

RONALD G. ACHO (P23913)
JOEL B. ASHTON (P47039)
Cummings, McClorey,
Davis & Acho, P.L.C.
*Attorneys for Defendants and Counter-*
*Plaintiff/Third Party Plaintiff*
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400
racho@cmda-law.com
jashton@cmda-law.com

CHARLES N. RAIMI (P29746)
City of Detroit, Law Department
*Attorneys for Defendants and Counter-*
*Plaintiff/Third Party Plaintiff*
2 Woodward Ave, Suite 500
Detroit, MI 48226
(313) 237-5037
raimic@detroitmi.gov

## DEFENDANT/COUNTER-PLAINTIFF AND THIRD-PARTY PLAINTIFF THE CITY OF DETROIT'S COUNTER-COMPLAINT AND THIRD-PARTY COMPLAINT AND JURY DEMAND

Now Comes the Defendant/Counter-Plaintiff and Third-Party Plaintiff, the City of Detroit, by and through its counsel, Cummings, McClorey, Davis & Acho, P.L.C., and for its Counter-Complaint and Third-Party Complaint, states as follows:

1.    Defendant/Counter-Plaintiff and Third-Party Plaintiff, the City of Detroit, is a municipal corporation created under the laws of the State of Michigan.

2.    Upon information and belief, Plaintiff/Counter-Defendant, Boulevard & Trumbull Towing, Inc. ("B & T Towing") is a Delaware Corporation authorized

2

to conduct and conducting business in the City of Detroit, County of Wayne, State of Michigan.

3.      Upon information and belief, B & T Towing has its principal place of business located at 2411 Vinewood, in the City of Detroit, Wayne County, Michigan.

4.      Upon information and belief, Third-Party Defendant, Gasper Fiore, is a shareholder, member, director, officer, manager, employee, agent, and/or representative of B & T Towing.

5.      Upon information and belief, Third-Party Defendant, Jennifer Fiore is a shareholder, member, director, officer, manager, employee, agent, and/or representative of B & T Towing.

6.      Upon information and belief, Third-Party Defendant, Jessica Lucas f/k/a Jessica Fiore, (hereinafter "Jessica Lucas") is a shareholder, member, director, officer, manager, employee, agent, and/or representative of B & T Towing.

7.      Upon information and belief, Third-Party Defendant, Fiore Ventures II, Inc. ("Fiore Ventures II") is a Michigan Corporation with its principal place of business at 2411 Vinewood, City of Detroit, County of Wayne, State of Michigan.

8.      Upon information and belief, Fiore Ventures II is the sole shareholder of B & T Towing.

3

9.     Upon information and belief, Third-Party Defendant, Gasper Fiore, is a shareholder, member, director, officer, manager, employee, agent, and/or representative of Fiore Ventures II.

10.    Upon information and belief, Third-Party Defendant, Jennifer Fiore is a shareholder, member, director, officer, manager, employee, agent, and/or representative of Fiore Ventures II.

11.    Upon information and belief, Third-Party Defendant, Jessica Lucas is a shareholder, member, director, officer, manager, employee, agent, and/or representative of Fiore Ventures II.

12.    Upon information and belief, Third-Party Defendant, The Realty Company is a Michigan corporation conducting business at 2411 Vinewood, City of Detroit, County of Wayne, State of Michigan.

13.    Upon information and belief, The Realty Company leases real property to B & T Towing and/or Fiore Ventures II.

14.    Upon information and belief, Third-Party Defendant, Joan Fiore is a shareholder, member, director, officer, manager, employee, agent, and/or representative of The Realty Company.

15.    Upon information and belief, Third-Party Defendant, The Realty Company 2411 Vinewood, Inc. ("TRC 2411 Vinewood") is a Michigan corporation

conducting business at 2411 Vinewood City of Detroit, County of Wayne, State of Michigan.

16.    Upon information and belief, TRC 2411 Vinewood leases real property to B & T Towing and/or Fiore Ventures II.

17.    Upon information and belief, Third-Party Defendant, Joan Fiore is a shareholder, member, director, officer, manager, employee, agent, and/or representative of TRC 2411 Vinewood.

18.    Upon information and belief, Third-Party Defendant, Emergency Road Response, Inc. ("Emergency Road Response") is a Michigan corporation with its principal place of business at 2411 Vinewood, City of Detroit, County of Wayne, State of Michigan.

19.    Upon information and belief, Emergency Road Response leases towing vehicles and equipment to B & T Towing and/or Fiore Ventures II.

20.    Upon information and belief, Third-Party Defendant, Joan Fiore is a shareholder, member, director, officer, manager, employee, agent, and/or representative of Emergency Road Response.

21.    Upon information and belief, Third-Party Defendant, JJG Equipment, LLC ("JJG Equipment") is a Michigan limited liability company conducting business at 2411 Vinewood, City of Detroit, County of Wayne, State of Michigan.

5

22.     Upon information and belief, JJG Equipment leases towing vehicles and equipment to B & T Towing and/or Fiore Ventures II.

23.     Upon information and belief, Third-Party Defendant, Jessica Lucas is a shareholder, member, director, officer, manager, employee, agent, and/or representative of JJG Equipment.

24.     Upon information and belief, at all times relevant to this action, Third-Party Defendants, Gasper Fiore, Joan Fiore, Jennifer Fiore, and Jessica Lucas were acting on their own behalf, and on behalf of B & T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, and JJG Equipment to commit fraud, tax evasion, and other crimes against the City of Detroit and its residents.

25.     B & T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, and JJG Equipment are hereinafter collectively referred to as the "Fiore Entities".

26.     Gasper Fiore, Joan Fiore, Jessica Lucas, and Jennifer Fiore are hereinafter collectively referred to as the "Fiore Family".

27.     B & T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, JJG Equipment, Gasper Fiore, Joan Fiore, Jennifer Fiore, and Jessica Lucas are hereinafter collectively referred to as the "Counter-Complaint and Third Party Complaint Defendants".

6

28.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1367 which gives the district court supplemental jurisdiction over state law claims.

29.    Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that give rise to this Counter-Complaint and Third-Party Complaint occurred in this district.

## COMMON ALLEGATIONS

30.    The allegations contained in this Counter-Complaint and Third Party Complaint primarily concern the fraudulent and criminal conduct of Third-Party Defendant Gasper Fiore, with the assistance of the other members of the Fiore Family and by and through the Fiore Entities, perpetrated against the City of Detroit.

31.    Gasper Fiore, with help from his wife Joan Fiore, and daughters Jennifer Fiore and Jessica Lucas, through each other, and through the Fiore Entities, conspired to commit and committed fraud and tax evasion against the City of Detroit.

32.    At all times relevant to this Counter-Complaint and Third Party Complaint, the Fiore Family, through the Fiore Entities, has operated a lucrative towing business in the City of Detroit pursuant to Detroit Ordinance sec. 55-1-1, et seq.

33.    Detroit Ordinance sec. 55-1-1, et seq., provides for the awarding of towing permits to companies who share in the City's common goals of a well-managed vehicle towing system, affording a high level of service, convenience and

7

professionalism.

34.    A company that is awarded a towing permit pursuant to Detroit Ordinance sec. 55-1-1, et seq. is authorized to provide towing services to the City of Detroit when vehicles need to be towed such as illegally parked vehicles, confiscated vehicles, and vehicles involved in accidents.

35.    No other individuals or entities are permitted to provide towing services to the City of Detroit other than those properly issued a permit pursuant to Detroit Ordinance sec. 55-1-1, et seq.

36.    In order to be awarded a towing permit, the applicant must be a Detroit-based tower, which is defined as the physical and economic relationship to Detroit determined by the payment of City income taxes on the towers profits and city property taxes on the towers vehicle storage lot, yard or garage.

37.    Detroit Ordinance, sec. 55-2-82, expressly states the goal of the City in the awarding of towing permits is to provide for the equitable distribution of towing to all companies on the list of authorized towers, as nearly as practicable.

38.    The Rules and Regulations promulgated by the City of Detroit relating to towing provide that towing permits cannot be transferred, sold or assigned to any other person or entity.

39.    An authorized towing company must notify the City of Detroit within 9 days if the company sells, or in any manner transfers, the entire company, a

8

substantial portion of its assets, or 10% or more of the outstanding stock, or if there is a change in any of the partners, owners, or officers of the tow company.

40.     Pursuant to Detroit Ordinance sec. 55-1-1, et seq, B & T Towing applied for and was issued tow permits 11-001, 11-002, 11-003 and 11-004 from the City of Detroit on June 1, 2011 and expiring May 31, 2016.

41.     Pursuant to Detroit Ordinance sec. 55-1-1, et seq, B & T Towing applied for and was issued tow permit 16-037 on June 1, 2016, expiring May 31, 2021.

42.     At the time B & T towing applied for and obtained the 2016 towing permit, B & T towing represented that its president and owner was Gasper Fiore.

43.     On May 31, 2017, Gasper Fiore was federally indicted for violations of 18 U.S.C. §§ 371 and 666(a) on bribery and conspiracy charges for bribing a public official to illegally obtain a towing contract in Clinton Township.

44.     After Gasper Fiore was indicted, the City of Detroit began investigating both Gasper Fiore and B & T Towing for potential criminal conduct, or other improprieties, including tax evasion.

## A. *Failure to Pay Taxes*

45.     The City of Detroit has enacted the Uniform City Income Tax Ordinance codified in §18-10-1 through 18-10-26 of the Detroit City Code (hereinafter referred to as the "Detroit Tax Ordinance").

46.     Pursuant to the Detroit Tax Ordinance, every employer that has a location in the City of Detroit, or is doing business in the City of Detroit, is required to withhold income tax due to the City from its employees.

47.     Pursuant to the Detroit Tax Ordinance, all compensation (salaries, wages, commissions, severance pay, bonuses, etc.) of a City of Detroit resident for services rendered or work performed, regardless of whether such services or work are performed in or out of the city, is taxable and must be reported to the City of Detroit on income tax returns.

48.     Similarly, all compensation of a nonresident for services rendered or work performed in the City of Detroit, where the City of Detroit is the predominant place of employment, is also taxable and must be reported to the City of Detroit on income tax returns.

49.     Business entities are also subject to the Detroit Tax Ordinance based on income earned in the City of Detroit.

50.     The City of Detroit's investigation of Gasper Fiore and B & T Towing revealed, among other things, that the Fiore family and the Fiore Entities have (1) failed to file tax returns with the City of Detroit for certain years, (2) have filed false tax returns misreporting income for certain years, and/or (3) have taken fictional deductions in exorbitant amounts for "cost of goods sold" when the companies are merely real estate holding companies, or companies that perform services, or

10

companies that lease equipment, and therefore would have little to no goods sold.

51.     The Realty Company, TRC 2411 Vinewood, Emergency Road Response, and JJG Equipment were created and used in connection with the Fiore Family's scheme to avoid paying income taxes to the City of Detroit from B & T Towing and Fiore Ventures II.

52.     The Fiore Family, at the behest of Gasper Fiore, created and utilized the Fiore Entities for the sole purpose of diverting hundreds of thousands of dollars of income from B & T Towing and/or Fiore Ventures II to The Realty Company, TRC 2411 Vinewood, Emergency Road Response, and JJG Equipment in order to fraudulently avoid paying income taxes to the City of Detroit.

53.     Upon information and belief, B & T Towing and/or Fiore Ventures II fraudulently diverted significant amounts of income to, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, and JJG Equipment by way of sham real estate leases and sham commercial vehicle leases in exorbitant amounts.

54.     The City of Detroit tax returns filed by B & T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, and JJG Equipment all declare losses or negligible profits for the past several years.

55.     In contrast, the Fiore Entities have reported substantial gross receipts, but neglible taxable income, because of the improper deductions, including costs of goods sold in their "service business", on both State and Federal income tax returns.

11

56.     Similarly, the principals of the Fiore Entities, members of the Fiore Family, have themselves declared substantial profits on both State and Federal income tax returns.

57.     Upon information and belief, substantially all of the income reported by the Fiore Family on State and Federal income tax returns is the result of the operation of the towing business through the Fiore Entities within the City of Detroit.

58.     Upon information and belief, each member of the Fiore Family and each of the Fiore Entities conduct substantially all of their business within the City of Detroit.

59.     Accordingly, each member of the Fiore Family and each of the Fiore Entities are required to pay taxes on this income to the City of Detroit pursuant to the Detroit Tax Ordinance.

60.     Moreover, each of the Fiore Entities is required to withhold income from their employees to satisfy the employees' income tax liabilities to the City of Detroit pursuant to the Detroit Tax Ordinance.

61.     Upon information and belief, B & T Towing has failed to file accurate tax returns with the City of Detroit and has failed to pay required income taxes to the City of Detroit for a number of years, in an amount to be determined through the course of discovery.

62.     Upon information and belief, B & T Towing employs individuals

within the City of Detroit and has failed to withhold the required amount of income for said employees pursuant to the Detroit Tax Ordinance for a number of years, in an amount to be determined through the course of discovery.

63.    Upon information and belief, Fiore Ventures II has failed to file accurate tax returns with the City of Detroit and has failed to pay required income taxes to the City of Detroit for a number of years, in an amount to be determined through the course of discovery.

64.    Upon information and belief, Fiore Ventures II employs individuals within the City of Detroit and has failed to withhold the required amount of income for said employees pursuant to the Detroit Tax Ordinance for a number of years, in an amount to be determined through the course of discovery.

65.    Upon information and belief, The Realty Company has failed to file accurate tax returns with the City of Detroit and has failed to pay the required income taxes to the City of Detroit for a number of years, in an amount to be determined through the course of discovery.

66.    Upon information and belief, The Realty Company employs individuals within the City of Detroit and has failed to withhold the required amount of income for said employees pursuant to the Detroit Tax Ordinance for a number of years, in an amount to be determined through the course of discovery.

67.    Upon information and belief, TRC 2411 Vinewood has failed to file

13

accurate tax returns with the City of Detroit and has failed to pay required income taxes to the City of Detroit for a number of years, in an amount to be determined through the course of discovery.

68.     Upon   information   and   belief,   TRC   2411   Vinewood   employs individuals within the City of Detroit and has failed to withhold the required amount of income for said employees pursuant to the Detroit Tax Ordinance for a number of years, in an amount to be determined through the course of discovery.

69.     Upon information and belief, Emergency Road Response has failed to file accurate tax returns with the City of Detroit and has failed to pay required income taxes to the City of Detroit for a number of years, in an amount to be determined through the course of discovery.

70.     Upon   information   and   belief,   Emergency   Road   Response   employs individuals within the City of Detroit and has failed to withhold the required amount of income for said employees pursuant to the Detroit Tax Ordinance for a number of years, in an amount to be determined through the course of discovery.

71.     Upon information and belief, JJG Equipment has failed to file accurate tax returns with the City of Detroit and has failed to pay required income taxes to the City of Detroit for a number of years, in an amount to be determined through the course of discovery.

72.     Upon   information   and   belief,   JJG   Equipment   employs   individuals

14

within the City of Detroit and has failed to withhold the required amount of income for said employees pursuant to the Detroit Tax Ordinance for a number of years, in an amount to be determined through the course of discovery.

73.     Upon information and belief, Gasper Fiore has failed to file income tax returns with the City of Detroit for years 2010 through 2016, inclusive, and has failed to pay required income taxes due to the City of Detroit, in an amount estimated to be greater than $45,500, exclusive of penalties and interest, to be determined through the course of discovery.

74.     Upon information and belief, Gasper Fiore has reported income in an amount greater than $500,000 per year to the Internal Revenue Service for the years at issue, but has failed to report said income to the City of Detroit.

75.     Upon information and belief, Joan Fiore has failed to file income tax returns with the City of Detroit for years 2010 through 2016, inclusive, and has failed to pay required income taxes due to the City of Detroit, in an amount estimated to be greater than $75,000, exclusive of penalties and interest, to be determined through the course of discovery.

76.     Upon information and belief, Joan Fiore has reported income in an amount greater than $750,000 per year to the Internal Revenue Service for the years at issue, but has failed to report said income to the City of Detroit.

77.     Upon information and belief, Jennifer Fiore has failed to file accurate

15

tax returns with the City of Detroit and has failed to pay required income taxes to the City of Detroit for a number of years, in an amount to be determined through the course of discovery.

78.    Upon information and belief, Jessica Lucas has failed to file accurate tax returns with the City of Detroit and has failed to pay required income taxes to the City of Detroit for a number of years, in an amount to be determined through the course of discovery.

79.    In addition to the failure to pay required income taxes to the City of Detroit, as outlined in greater detail above, all of the Counter-Complaint and Third Party Defendants are also liable to the City of Detroit for penalties and interest as a result of their aforementioned fraud, misrepresentation and conspiracy to evade the payment of required income taxes to the City of Detroit.

80.    The Fiore Family and the Fiore Entities conspired to and misrepresented material facts to the City of Detroit, defrauded the City of Detroit through the filing of false tax returns and the making of false statements on B & T Towing's application for a towing permit with the City of Detroit, and unlawfully failed to pay required income taxes to the City of Detroit.

81.    The statements made by the Counter-Complaint Defendants and Third Party Complaint Defendants to the City of Detroit in their City of Detroit tax returns are fraudulent misrepresentations of fact.

16

**B.** ***Gasper Fiore and B & T Towing's Attempts to Make Improper Payments to Public Officials of the City of Detroit to Secure an Inequitable Distribution of Towing Business***

82.     In addition to the tax evasion outlined above, Gasper Fiore, acting on behalf of himself and on behalf of the other Counter-Complaint and Third Party Complaint Defendants, attempted to make improper payments to a public official of the City of Detroit in order to secure an inequitable distribution of towing business within the City.

83.     Gasper Fiore's attempts to make improper payments to a public official of the City of Detroit was separate and distinct from the allegations contained in the federal indictment relating to a towing contract in Clinton Township.

84.     The City of Detroit's investigation culminated with evidence being presented demonstrating that Gasper Fiore had attempted to commit a similar crime of bribery to a public official of the City of Detroit to obtain an inequitable distribution of towing work from the City of Detroit.

85.     The City of Detroit learned of these unlawful actions during the first two weeks of June, 2017.

86.     On June 22, 2017, the City of Detroit notified B & T Towing, as the entity named on the application and towing permit, that it was no longer allowing B & T Towing to operate for the City of Detroit, effective June 28, 2017.

17

## C. *Fraud and Misrepresentation*

87.    In addition to the tax evasion and attempted making of improper payments to a public official as outlined above, the Counter-Complaint and Third Party Complaint Defendants have made additional misrepresentations and fraudulent statements to the City of Detroit in an attempt to remove Gasper Fiore's affiliation with B & T Towing.

88.    On or about June 1, 2017, following the federal indictment of Gasper Fiore, the Counter-Complaint and Third Party Complaint Defendants continued in their perpetration of fraud and misrepresentation against the City of Detroit by falsely alleging that Gasper Fiore was no longer affiliated with either B & T Towing or Fiore Ventures II, Inc.

89.    Specifically, B & T Towing, Gasper Fiore, Jessica Lucas, and Jennifer Fiore, acting in concert, and on their own behalf, and, collectively, on behalf of the Counter-Complaint Defendants and Third Party Defendants, represented to the City of Detroit that effective August 29, 2016, Gasper Fiore had been removed as President of B & T Towing and had transferred all of his interest the company to Jessica Lucas and Jennifer Fiore.

90.    If Gasper Fiore was no longer affiliated with B & T Towing, which is highly unlikely, this transfer and change of officers of B & T Towing was done without any notice to the City of Detroit as required by Detroit Ordinance sec. 55-1-

1, et seq and the applicable Rules and Regulations pertaining to the City's authorization of towing permits.

91.   The Counter-Complaint and Third Party Complaint Defendants alleged that Gasper Fiore was no longer affiliated with B & T Towing as of August 29, 2016, however, this was only disclosed to the City **after** Gasper Fiore was federally indicted on May 31, 2017.

92.   Additionally, the Counter-Complaint and Third Party Complaint Defendants failed to file any corporate documents with the State of Michigan consistent with, or supporting, the position that Gasper Fiore is no longer affiliated with B & T Towing until on or about August 7, 2017 – shortly after he was federally indicted and after B & T Towing's permit was revoked by the City.

93.   The statements made by the Counter-Complaint and Third Party Complaint Defendants to the City of Detroit that Gasper Fiore has not been affiliated with B & T Towing since prior to August 29, 2016 are fraudulent misrepresentations to the City of Detroit.

94.   Similarly, Fiore Ventures II, the sole shareholder of B & T Towing, Gasper Fiore, Jessica Lucas, and Jennifer Fiore, acting in concert, and on their own behalf, and, collectively, on behalf of the Counter-Complaint Defendants and Third Party Defendants, represented to the City of Detroit that effective August 29, 2016, Gasper Fiore had been removed as President of Fiore Ventures II and had transferred

19

all of his interest the company to Jessica Lucas and Jennifer Fiore.

95.    If Gasper Fiore was no longer affiliated with Fiore Ventures II, which is highly unlikely, this transfer and change of officers of B & T Towing was done without any notice to the City of Detroit as required by Detroit Ordinance sec. 55-1-1, et seq and the applicable Rules and Regulations pertaining to the City's authorization of towing permits.

96.    The Counter-Complaint and Third Party Complaint Defendants have also made misrepresentations and fraudulent statements to the City of Detroit in an attempt to remove Gasper Fiore's affiliation with Fiore Ventures II.

97.    The Counter-Complaint and Third Party Complaint Defendants alleged that Gasper Fiore was no longer affiliated with Fiore Ventures II, as of August 29, 2016, however, this was disclosed to the City of Detroit after Mr. Fiore was federally indicted on May 31, 2017.

98.    Additionally, the Counter-Complaint and Third Party Complaint Defendants failed to file any corporate documents with the State of Michigan consistent with, or supporting, the position that Gasper Fiore is no longer affiliated with Fiore Ventures II until on or about August 7, 2017 – and only after he was federally indicted and after B & T Towing's permit was revoked by the City.

99.    The statements made by the Counter-Complaint and Third Party Complaint Defendants to the City of Detroit that Gasper Fiore has not been affiliated

with Fiore Ventures II since prior to August 29, 2016 are fraudulent misrepresentations to the City of Detroit.

100. Upon information and belief, Gasper Fiore still exercises control over B & T Towing and Fiore Ventures II, as well as the other Counter-Complaint Defendants and Third Party Defendants.

101. At all times relevant to this Counter-Complaint and Third Party Complaint, the Counter-Complaint and Third Party Complaint Defendants conspired and acted in concert to commit fraud, misrepresentation, and tax evasion against the City of Detroit.

102. At various times and places, only partially enumerated above, all Counter-Complaint and Third Party Complaint Defendants did associate with each other individually and collectively to engage in unlawful and fraudulent conduct.

103. Likewise, all Counter-Complaint and Third Party Complaint Defendants did conduct and/or participate, either directly or indirectly, in the above referenced unlawful and fraudulent conduct.

104. The City of Detroit further alleges that the Counter-Complaint and Third Party Complaint Defendants did commit, without limitation, the following offenses:

   a. Violation 18 U.S.C. § 371 (conspiracy to defraud the City of Detroit and State of Michigan Department of Treasury);

b. Violation of itemized 18 U.S.C. § 371 (Klein conspiracy to impair and impede the Internal Revenue Service in the ascertainment, assessment, and collection of the Revenue);

c. Violation of 26 U.S.C. § 7201 (attempt to evade or default on taxes);

d. Violation of 26 U.S.C. § 7206(1) (Fraud and false statements in tax filings);

e. Violation of 18 U.S.C. § 201 (Bribery).

105.   The City of Detroit further alleges that the Counter-Complaint and Third Party Complaint Defendants did commit said violations in a manner which they calculated and premeditated intentionally to defraud the City of Detroit.

**COUNT I – FRAUD**
**[AGAINST ALL COUNTER-COMPLAINT**
**AND THIRD PARTY COMPLAINT DEFENDANTS]**

106.   Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit re-alleges, restates, and incorporates by reference all allegations contained in the preceding Paragraphs of this Counter-Complaint and Third Party Complaint as if fully restated below.

107.   The Counter-Complaint and Third Party Complaint Defendants represented to the City of Detroit that they were being truthful in their filing of City of Detroit tax returns.

108.   The Counter-Complaint and Third Party Complaint Defendants represented to the City of Detroit that they were being truthful in their applications for towing permits.

22

109. The Counter-Complaint and Third Party Complaint Defendants represented to the City of Detroit that they were being truthful in their filing of corporate documents through Michigan's Department of Licensing and Regulatory Affairs.

110. The Counter-Complaint and Third Party Complaint Defendants represented to the City of Detroit that they were being truthful in their statements to and production of documents to the City of Detroit regarding the true owners and officers of the Fiore Entities.

111. The Counter-Complaint and Third Party Complaint Defendants represented to the City of Detroit that they were being truthful in their statements to and production of documents to the City of Detroit regarding Gasper Fiore's relationship and affiliation with the Fiore Entities.

112. The City of Detroit reasonably relied on the above representations made by the Counter-Complaint and Third Party Complaint Defendants.

113. The Counter-Complaint and Third Party Complaint Defendants' proffered reasons for Gasper Fiore's alleged "transfer" of his interest in B & T Towing were false and a mere pretext to deceive the City of Detroit.

114. In reality, the Counter-Complaint and Third Party Complaint Defendants knowingly and fraudulently filed false tax returns with City of Detroit, failed to file required tax returns with the City of Detroit, and misrepresented the

true identity of the owners and officers of the Fiore Entities in order to improperly deceive the City into allowing B & T Towing to continue operating pursuant to a towing permit.

115.   As outlined in further detail above, the Counter-Complaint and Third Party Complaint Defendants have made numerous material misrepresentations.

116.   Upon information and belief, the Counter-Complaint and Third Party Complaint Defendants have made additional material misrepresentations to the City of Detroit, the details which will be revealed through the course of discovery.

117.   The Counter-Complaint and Third Party Complaint Defendants intended the City of Detroit to rely and act upon their material misrepresentations in its issuance and maintenance of the subject towing permits as well as for payment of services.

118.   The City of Detroit justifiably relied upon the Counter-Complaint and Third Party Complaint Defendants' false assertions in its issuance and maintenance of the subject towing permit as well as for payment of services.

119.   The City of Detroit was damaged by Gasper Fiore, Joan Fiore, Jennifer Fiore, Jessica Lucas, B & T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, and JJG Equipment's fraud in excess of $300,000.00.

120.   The damages sustained by the City of Detroit include, but are not

limited to, nonpayment of required income taxes, undermining the stated goals of the City of Detroit's selection process for towing companies, undermining the equitable distribution of authorized towing to all towers on the City's list of authorized towers, the payment of significant amounts of money for services rendered pursuant to the towing permits which were fraudulently obtained and maintained by the Counter-Complaint and Third Party Complaint Defendants, harm to its reputation, involvement in criminal investigations, costs, attorney fees, interest and other damages to be determined through the course of discovery.

**WHEREFORE**, Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit respectfully requests that this Honorable Court enter judgment in its favor and against the Counter-Complaint and Third Party Complaint Defendants, B & T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, JJG Equipment, Gasper Fiore, Joan Fiore, Jessica Fiore, and Jennifer Fiore—in excess of $300,000.00—that the trier of fact finds Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit entitled to, including, without limitation, plus exemplary damages, interest, costs, and attorney fees and that towing permit #16-037 formerly granted to B & T Towing be declared null and void ab initio, together with any additional relief this Court deems just.

## COUNT II – FRAUDULENT CONCEALMENT
## [AGAINST ALL COUNTER-COMPLAINT
## AND THIRD PARTY COMPLAINT DEFENDANTS]

121.    Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit re-alleges, restates, and incorporates by reference all allegations contained in the preceding Paragraphs of this Counter-Complaint and Third-Party Complaint as if fully restated below.

122.    As outlined in further detail above, the Counter-Complaint and Third Party Complaint Defendants suppressed the truth along with additional suppression of the truth which may be revealed through the course of discovery.

123.    The Counter-Complaint and Third Party Complaint Defendants intended to defraud the City of Detroit.

124.    The Counter-Complaint and Third Party Complaint Defendants had legal and/or equitable duties to disclose the truth to the City of Detroit.

125.    The City of Detroit was damaged by Gasper Fiore, Joan Fiore, Jennifer Fiore, Jessica Lucas, B & T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, and JJG Equipment's fraud in excess of $300,000.00.

126.    The damages sustained by the City of Detroit include, but are not limited to, nonpayment of required income taxes, undermining the stated goals of the City of Detroit's selection process for towing companies, undermining the

equitable distribution of authorized towing to all towers on the City's list of authorized towers, the payment of significant amounts of money for services rendered pursuant to the towing permits which were fraudulently obtained and maintained by the Counter-Complaint and Third Party Complaint Defendants, harm to its reputation, involvement in criminal investigations, costs, attorney fees, interest and other damages to be determined through the course of discovery.

**WHEREFORE**, Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit respectfully requests that this Honorable Court enter judgment in its favor and against the Counter-Complaint and Third Party Complaint Defendants, B & T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, JJG Equipment, Gasper Fiore, Joan Fiore, Jessica Fiore, and Jennifer Fiore—in excess of $300,000.00—that the trier of fact finds Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit entitled to, including, without limitation, plus exemplary damages, interest, costs, and attorney fees and that towing permit #16-037 formerly granted to B & T Towing be declared null and void ab initio, together with any additional relief this Court deems just.

### COUNT III – COMMON-LAW AND STATUTORY CONVERSION [AGAINST ALL COUNTER-COMPLAINT AND THIRD PARTY COMPLAINT DEFENDANTS]

127.   Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit re-alleges, restates, and incorporates by reference all allegations contained

27

in the preceding Paragraphs of this Counter-Complaint and Third-Party Complaint as if fully restated below.

128.   Michigan law prohibits the following conduct:

Another person's stealing or embezzling property or converting property to the other person's own use.

MCL 600.2919a(l).

129.   As alleged in further detail above, the Counter-Complaint and Third Party Complaint Defendants unlawfully and knowingly stole, converted, and embezzled money that is lawfully the property of the City of Detroit for the Counter-Complaint and Third Party Complaint Defendants' own use, in excess of $300,000.00.

130.   As alleged in further detail above, the Counter-Complaint and Third Party Complaint Defendants unlawfully and knowingly aided in the concealment of stolen, embezzled, and converted money lawfully the property of the City of Detroit, in excess of $300,000.00.

131.   As outlined in further detail above, the Counter-Complaint and Third Party Complaint Defendants wrongfully exerted distinct acts of dominion and control over assets of the City of Detroit, specifically, withheld income taxes and payments for towing services, despite being in violation of the Detroit Ordinance controlling towing and other violations of State law, along with additional acts of conversion which may be revealed through the course of discovery.

132.   As outlined in further detail above, the Counter-Complaint and Third Party Complaint Defendants did purposefully and wrongfully co-mingle and transfer to themselves and others assets of the City of Detroit without permission or other legal authorization.

133.   As outlined in further detail above, the Counter-Complaint and Third Party Complaint Defendants did wrongfully convert assets of the City of Detroit into their names and the names of others in taking possession of the assets when they had no legal right to do so.

134.   As outlined in further detail above, the Counter-Complaint and Third Party Complaint Defendants' dominion over the City of Detroit's assets were and are inconsistent with, and in repudiation, of the City of Detroit's right to possess the assets.

135.   The Counter-Complaint and Third Party Complaint Defendants' dominion over the City of Detroit's assets deprived the City of Detroit of possession and use of the property assets.

136.   The Counter-Complaint and Third Party Complaint Defendants' actions in taking possession of the assets were willful and intentional.

137.   The Counter-Complaint and Third Party Complaint Defendants' violations of MCL 600.2919a, individually and collectively, caused the City of Detroit to sustain actual damages in excess of $300,000.00, plus costs and attorney

fees.

138.   The City of Detroit is statutorily entitled to recover from the Counter-Complaint and Third Party Complaint Defendants "3 times the amount of actual damages sustained, plus costs and reasonable attorney fees." MCL 600.2919a(l).

**WHEREFORE**, Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit respectfully requests that this Honorable Court enter judgment in its favor and against the Counter-Complaint and Third Party Complaint Defendants, B & T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, JJG Equipment, Gasper Fiore, Joan Fiore, Jessica Fiore, and Jennifer Fiore—in excess of $300,000.00—that the trier of fact finds Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit entitled to, including, without limitation, three times the amount of its actual damages, plus interest, costs, and attorney fees and that towing permit #16-037 formerly granted to B & T Towing be declared null and void ab initio, together with any additional relief this Court deems just.

### COUNT IV – CIVIL CONSPIRACY
### [AGAINST ALL COUNTER-COMPLAINT
### DEFENDANTS AND THIRD PARTY DEFENDANTS]

139.   Defendants/Counter-Plaintiffs and Third-Party Plaintiff re-allege, restate, and incorporate by reference all allegations contained in the preceding Paragraphs of this Counter-Complaint and Third-Party Complaint as if fully restated

below.

140.   Upon information and belief, Gasper Fiore, Joan Fiore, Jennifer Fiore, and Jessica Lucas are all related parties.

141.   Upon information and belief, B & T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, and JJG Equipment are all related entities.

142.   Upon information and belief and at all times relevant to this action, Gasper Fiore, Joan Fiore, Jennifer Fiore, Jessica Lucas, B & T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, and JJG Equipment conspired and worked together to defraud the City of Detroit and evade the payment of required taxes to the City of Detroit.

143.   Upon information and belief, other individuals and entities, who are currently unknown, but who will be determined through the course of discovery, have conspired and worked with the Fiore Family and the Fiore Entities to defraud the City of Detroit and evade the payment of required taxes to the City of Detroit.

144.   The Counter-Complaint and Third Party Complaint Defendants conspired to divert income from certain entities to other individuals and entities in order to avoid payment of taxes to the City of Detroit.

145.   The Counter-Complaint and Third Party Complaint Defendants conspired to misrepresent the true identity of the owners and officers of the Fiore

Entities from the City of Detroit in order to improperly obtain the benefit of towing rotations and payments from the City of Detroit.

146.   After he was federally indicted for attempting to bribe public officials in Macomb County, the Counter-Complaint and Third Party Complaint Defendants represented that Gasper Fiore no longer had any interest in any of the Fiore Entities as of August 29, 2016, and filed documents to that effect with the State of Michigan.

147.   The City of Detroit later learned that Gasper Fiore continues to exercise power and control over the Fiore Entities and the other members of the Fiore Family.

148.   The Counter-Complaint and Third Party Complaint Defendants conspired to unlawfully and improperly obtain additional towing rotations from the City of Detroit by attempting to bribe public officials of the City of Detroit.

149.   The Counter-Complaint and Third Party Complaint Defendants illegally, maliciously, and wrongfully conspired with one another with the intent to defraud the City of Detroit, and to embezzle and convert the City of Detroit's property.

150.   The Counter-Complaint and Third Party Complaint Defendants designed and implemented a systematic scheme to divert the City of Detroit's money to entities owned or controlled by the Counter-Complaint and Third Party Complaint Defendants to the benefit of the Counter-Complaint and Third Party Complaint Defendants and to the City of Detroit's detriment.

151.   As a direct and proximate result of the Counter-Complaint and Third Party Complaint Defendants' above unlawful and wrongful conduct, including conspiracy, Gasper Fiore, Joan Fiore, Jennifer Fiore, Jessica Lucas, B & T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, and JJG Equipment damaged the City of Detroit in excess of $300,000.00.

**WHEREFORE**, Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit respectfully requests that this Honorable Court enter judgment in its favor and against the Counter-Complaint and Third Party Complaint Defendants, B & T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, JJG Equipment, Gasper Fiore, Joan Fiore, Jessica Fiore, and Jennifer Fiore—in excess of $300,000.00—that the trier of fact finds Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit entitled to, including, without limitation, plus exemplary damages, interest, costs, and attorney fees and that towing permit #16-037 formerly granted to B & T Towing be declared null and void ab initio, together with any additional relief this Court deems just.

### COUNT V – COLLECTION OF DELINQUENT TAX [AGAINST ALL COUNTER-COMPLAINT DEFENDANTS AND THIRD PARTY DEFENDANTS]

152.   Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit re-alleges, restates, and incorporates by reference all allegations contained in the preceding Paragraphs of this Counter-Complaint and Third-Party Complaint

as if fully restated below.

153.    The City of Detroit is duly authorized to institute a City income tax and has authorized a City of Detroit income tax pursuant to the Detroit Tax Ordinance.

154.    The City of Detroit has established said Detroit Tax Ordinance pursuant to §18-10-1 through §18-10-26 of the Detroit City Code.

155.    The Detroit Tax Ordinance requires that any person working in the City of Detroit pay a City of Detroit income tax and that any employer who is subject to the Ordinance must withhold from an employee's wages an amount attributable to the City of Detroit income tax. (City of Detroit Ordinance § 18-10-1, et seq.).

156.    That pursuant to the Detroit Tax Ordinance, an employer who withholds from his employee's wages an amount attributable to the City of Detroit income tax holds said monies in trust for the City of Detroit, (City of Detroit Ordinance §18-10-12 (a)(2)).

157.    As outlined in further detail above, the Counter-Complaint and Third Party Complaint Defendants have failed to pay the sums due to the City of Detroit under the Detroit Tax Ordinance and currently owe an amount to be determined through the course of discovery.

158.    The Counter-Complaint and Third Party Complaint Defendants have failed, refused and/or neglected to pay the amounts due to the City of Detroit pursuant to the City of Detroit tax ordinance.

34

159.   The Counter-Complaint and Third Party Complaint Defendants did knowingly and willfully fail to pay proper taxes under the City of Detroit Tax Ordinance.

160.   The Counter-Complaint and Third Party Complaint Defendants have failed, refused and/or neglected to pay the amounts due the City of Detroit pursuant to the City of Detroit Tax Ordinance.

161.   The Counter-Complaint and Third Party Complaint Defendants knew, or should have known, that money withheld from an employee, pursuant to the Detroit Tax Ordinance, was held by the Counter-Complaint and Third Party Complaint Defendants as trustee for the City of Detroit.

162.   The Counter-Complaint and Third Party Complaint Defendants, realizing that said money was the property of the City of Detroit, willfully failed, refused and/or neglected to authorize delivery to the City of Detroit, as required by the Detroit Tax Ordinance.

163.   The Counter-Complaint and Third Party Complaint Defendants did knowingly and willfully fail to withhold from its employees the amounts due to the City of Detroit pursuant to the City of Detroit Tax Ordinance.

164.   The Counter-Complaint and Third Party Complaint Defendants' actions or inactions in failing to satisfy its obligations pursuant to the Detroit Tax Ordinance, has resulted in the assessment of interest and penalties.

165.   Interest and penalties will continue to accrue and be assessed pursuant to the Detroit Tax Ordinance.

**WHEREFORE**, Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit respectfully requests that this Honorable Court enter judgment in its favor and against the Counter-Complaint and Third Party Complaint Defendants, B & T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, JJG Equipment, Gasper Fiore, Joan Fiore, Jessica Fiore, and Jennifer Fiore—in excess of $300,000.00—that the trier of fact finds Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit entitled to, including, without limitation, plus exemplary damages, interest, costs, and attorney fees and that towing permit #16-037 formerly granted to B & T Towing be declared null and void ab initio, together with any additional relief this Court deems just.

### COUNT VI – UNJUST ENRICHMENT / QUANTUM MERUIT [AGAINST ALL COUNTER-COMPLAINT DEFENDANTS AND THIRD PARTY DEFENDANTS]

166.   Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit re-alleges, restates, and incorporates by reference all allegations contained in the preceding Paragraphs of this Counter-Complaint and Third-Party Complaint as if fully restated below.

167.   As described in further detail above, the Counter-Complaint and Third Party Complaint Defendants, individually and collectively, received the benefit of a

significant amount of the City of Detroit's money by virtue of the Counter-Complaint and Third Party Complaint Defendants' above-referenced fraud, embezzlement, conversion, and other unlawful, wrongful, and inequitable actions and misconduct.

168. As outlined in further detail above, the Counter-Complaint and Third Party Complaint Defendants failed to disclose profits, failed to pay appropriate taxes, misappropriated monies for their own purposes or illegally passed profits to other individuals and entities, along with additional unjust enrichment which may be revealed through the course of discovery.

169. As outlined in further detail above, the Counter-Complaint and Third Party Complaint Defendants did employ individuals, and have failed to pay money required to be withheld from those individuals pay, to the City of Detroit as required by the Detroit Tax Ordinance.

170. As outlined in further detail above, the Counter-Complaint and Third Party Complaint Defendants did earn income from operating businesses within the City of Detroit and failed to accurately report said income and pay taxes on said income to the City of Detroit as authorized and required by the Detroit Tax Ordinance.

171. As outlined in further detail above, the Counter-Complaint and Third Party Complaint Defendants did use monies wrongfully obtained and withheld for

their own purposes.

172.  As outlined in further detail above, the Counter-Complaint and Third Party Complaint Defendants did wrongfully earn income from the towing permit authorized by the City of Detroit by misrepresenting the true identity of B & T Towing's owners and principals and by attempting to bribe public officials to obtain additional profits.

173.  As outlined in further detail above, the Counter-Complaint and Third Party Complaint Defendants did use monies wrongfully obtained and earned for their own purposes.

174.  The Counter-Complaint and Third Party Complaint Defendants were unjustly enriched by wrongfully obtaining said monies.

175.  Under these circumstances, it would be grossly unjust and inequitable for the Counter-Complaint and Third Party Complaint Defendants to retain the benefit of receiving the City of Detroit's property, money, and resources.

**WHEREFORE**, Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit respectfully requests that this Honorable Court enter judgment in its favor and against the Counter-Complaint and Third Party Complaint Defendants, B & T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, JJG Equipment, Gasper Fiore, Joan Fiore, Jessica Fiore, and Jennifer Fiore—in excess of $300,000.00—that the trier of fact finds

Defendant/Counter-Plaintiff and Third-Party Plaintiff the City of Detroit entitled to, including, without limitation, plus exemplary damages, interest, costs, and attorney fees and that towing permit #16-037 formerly granted to B & T Towing be declared null and void ab initio, together with any additional relief this Court deems just.

Respectfully submitted,

**CUMMINGS, McCLOREY,**
**DAVIS & ACHO, P.L.C.**

By: /s/ Ronald G. Acho
Ronald G. Acho (P23913)
Joel B. Ashton (P47039)
*Attorneys for the City of Detroit*
33900 Schoolcraft Road
Livonia, MI 48150
Dated:  August 21, 2017        (734) 261-240

**CITY OF DETROIT,**
**LAW DEPARTMENT**

By: /s/ Charles N. Raimi
Charles N. Raimi (P29746)
*Attorneys for the City of Detroit*
2 Woodward Ave., Suite 500
Detroit, MI 48226
Dated: August 21, 2017         (313) 237-5037

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOULEVARD & TRUMBULL
TOWING, INC.,

       Plaintiff,

vs.

CITY OF DETROIT, CITY OF DETROIT
POLICE DEPARTMENT, and DETROIT
BOARD OF COMMISSIONERS,
       Defendants.

Case No: 17-cv-12446
Hon. Sean F. Cox
Magistrate Judge: Patricia T. Morris

_____/

| | |
|---|---|
| CYRIL C. HALL (P 29121)<br>AMIR I. MAKLED (P 76306)<br>Law Offices of Cyril C. Hall, P.C.<br>Attorneys for Plaintiff<br>23756 Michigan Ave., Ste. 300<br>Dearborn, MI 48124-1853<br>(313) 582-7930<br>cyrilhalllaw@sbcglobal.net | RONALD G. ACHO (P 23913)<br>JOEL B. ASHTON (P 47039)<br>Cummings, McClorey, Davis & Acho, PLC<br>Attorneys for Defendants<br>33900 Schoolcraft Road<br>Livonia, MI 48150<br>(734) 261-2400<br>racho@cmda-law.com<br>jashton@cmda-law.com<br><br>CHARLES N. RAIMI (P29746)<br>City of Detroit, Law Department<br>2 Woodward Ave., Suite 500<br>Detroit, MI 48226<br>(313) 237-5037<br>raimic@detroitmi.gov |

_____/

## **JURY DEMAND**

    **NOW COME** the Defendant/Counter-Plaintiff/Third Party Plaintiff, CITY

OF DETROIT, and hereby demand a trial by jury for all counter-claims and third

party claims in this matter.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

By: /s/ Ronald G. Acho
       RONALD G. ACHO (P 23913)
       JAMES R. ACHO (P 62175)
       JOEL B. ASHTON (P 47039)
Dated: August 21, 2017    33900 Schoolcraft
       Livonia Michigan  48150
       (734) 261-2400


CITY OF DETROIT,
LAW DEPARTMENT

By:    /s/ Charles N. Raimi
       Charles N. Raimi (P29746)
       *Attorneys for Defendants*
       2 Woodward Ave., Suite 500
       Detroit, MI 48226
Dated: August 21, 2017    (313) 237-5037

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification to all counsel of record and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  **N/A**

/s/ Ronald G. Acho
RONALD G. ACHO