# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BOULEVARD & TRUMBULL
TOWING, INC.,

      Plaintiff,

v.

CITY OF DETROIT, CITY OF DETROIT
POLICE DEPARTMENT, and DETROIT
BOARD OF COMMISSIONERS,

      Defendants.

Case No. 17-12446
Hon. Sean F. Cox
Mag. Judge Patricia T. Morris

Wayne County Circuit Court
Case No. 2017-010371-AW

---

CITY OF DETROIT,

      Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

BOULEVARD & TRUMBULL TOWING, INC.,
a Delaware corporation,

      Plaintiff/Counter-Defendant,

and

FIORE VENTURES II, INC., a Michigan corporation,
THE REALTY COMPANY, a Michigan corporation,
THE REALTY COMPANY 2411 VINEWOOD, INC., a Michigan
corporation, EMERGENCY ROAD RESPONSE, INC., a Michigan
corporation, JJG EQUIPMENT, LLC, a Michigan limited liability
company, GASPER FIORE, an Individual, JOAN FIORE, an individual,
JESSICA FIORE, an individual, and JENNIFER FIORE, an individual,

      Third-Party Defendants.

> **THE REALTY COMPANY,
> THE REALTY COMPANY
> 2411 VINEWOOD, INC., AND
> JENNIFER FIORE'S MOTION
> TO DISMISS AND FOR
> OTHER RELIEF RELATING
> TO THE CITY OF DETROIT'S
> THIRD-PARTY COMPLAINT
> (Doc. 7)**

                                        /

**THE REALTY COMPANY, THE REALTY COMPANY
2411 VINEWOOD, INC., AND JENNIFER FIORE'S MOTION TO
DISMISS AND FOR OTHER RELIEF RELATING TO THE CITY OF
DETROIT'S THIRD-PARTY COMPLAINT (Doc. 7)**

Third-Party Defendants The Realty Company ("TRC"), The Realty Company
2411 Vinewood, Inc. ("Vinewood"), and Jennifer Fiore ("Jennifer"), through their
undersigned counsel, for their Motion to Dismiss and for Other Relief Relating to
the City of Detroit's Third-Party Complaint (**Doc. 7**), state as follows:

1.    On or about July 7, 2017, Plaintiff/Counter-Defendant Boulevard &
Trumbull Towing, Inc. ("B&T") filed a six-count complaint against Defendants,
including the City of Detroit (the "City"), in Wayne County Circuit Court, which
was assigned case no. 2017-010371-AW (Berry, J.) (*see* **Doc. 7**, Ex. 1).

2.    B&T's claims arise out of the termination of its towing permit by the
City.

3.    On or about July 28, 2017, the City removed B&T's complaint based
upon federal-question jurisdiction (**Doc. 1**). In particular, two of the six claims
allege violations of B&T's Fifth and Fourteenth Amendment rights (*id.* at ¶¶8-12).

4.    On or about August 21, 2017, the City answered B&T's complaint (**Doc.
6**), and filed its "Counter-Complaint and Third-Party Complaint and Jury Demand"
against B&T, TRC, Vinewood, Jennifer, and other third-party defendants (the
"Third-Party Complaint" and, sometimes, the "Counter/Third-Party Complaint"
(**Doc. 7**).

1

5.    The Third-Party Complaint alleges *no* federal causes of action whatsoever. Rather, the City's pleading alleges only state-law claims (*see generally* **Doc. 7**).

6.    Indeed, the *sole* jurisdictional basis upon which the City alleges claims against TRC, Vinewood, and Jennifer (and others) is 28 U.S.C. §1367 (*see* **Doc. 7**, ¶28 ("Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1367 which gives the district court supplemental jurisdiction over state law claims.")).

7.    B&T has filed both a motion to remand (**Doc.9**) and an "Amended Motion to Dismiss Defendant's Counter-Complaint and Third-Party Complaint" ("B&T's MTD") (**Doc. 12**).[*]

8.    The Court noticed both motions (**Docs. 9, 12**) for hearing on January 11, 2018, at 2:00 pm (**Doc. 13**).

9.    The Third-Party Complaint has not been served upon TRC, Vinewood, or Jennifer, apparently because the City mistakenly believes that each of the third-party defendants are represented by counsel for B&T (*see* **Doc. 17**, Brief in Support (pp.3-5)), despite B&T's counsel's statements to the contrary, and despite the fact that B&T's MTD was filed only by B&T (*see* **Doc. 12**).

10.   To be clear, other than the undersigned, no counsel has appeared for or on behalf of TRC, Vinewood, or Jennifer.

---

[*] B&T filed an original motion to dismiss, which was assigned **Doc. 11**.

11. In any event, and although B&T's MTD requests, among other things, the dismissal of the Counter/Third-Party Complaint (*see* **Doc. 12**), TRC, Vinewood, and Jennifer, for themselves, hereby move to dismiss in their entirety each of the claims alleged against them in the Third-Party Complaint (**Doc. 7**) pursuant to Fed. R. Civ. P. 14 and/or Fed. R. Civ. P. 12(b)(6) for the reasons more fully stated in the accompanying Brief in Support.

12. Additionally or alternatively, the Court should dismiss the claims alleged against TRC, Vinewood, and Jennifer in the Third-Party Complaint (**Doc. 7**) pursuant 28 U.S.C. §1367(c) for the reasons more fully stated in the accompanying Brief in Support.

13. Alternatively, in the event the Court does not dismiss the claims alleged against TRC, Vinewood, and Jennifer in the Third-Party Complaint (**Doc. 7**), the Court should order the City to more definitely state the facts, circumstances, and claims the City purports to allege against them pursuant to and consistent with Fed. R. Civ. P. 15(e).

14. Pursuant to LR 7.1(a), the undersigned sought concurrence in the relief requested herein, but such concurrence was denied.

WHEREFORE, TRC, Vinewood, and Jennifer hereby move the Court for an order:

    A. Dismissing the Third-Party Complaint (**Doc. 7**) for violating Fed. R. Civ. P. 14(a); or

B.   Declining to exercise supplemental jurisdiction over the claims alleged in the Third-Party Complaint (**Doc. 7**) and dismissing those claims pursuant to 28 U.S.C. §1367(c); or

C.   Dismissing the claims alleged against them in the Third-Party Complaint (**Doc. 7**) in their entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6); and/or

D.   Directing the City to more fully state the facts, circumstances, and claims alleged against TRC, Vinewood, and Jennifer pursuant to Fed. R. Civ. P. 15(e); and

E.   Granting them any other relief deemed appropriate under the circumstances, including awarding them costs and attorney's fees so unnecessarily incurred.

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

By:   /s/ Derek D. McLeod
      Christopher A. Andreoff (P10193)
      Derek D. McLeod (P66229)
      *Attorneys for The Realty Company,*
         *The Realty Company 2411 Vinewood, Inc.,*
         *and Jennifer Fiore, Only*
      27777 Franklin Road, Suite 2500
      Southfield, Michigan 48034-8214
      (248) 351-3000
      candreoff@jaffelaw.com
Dated: October 12, 2017   dmcleod@jaffelaw.com

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BOULEVARD & TRUMBULL
TOWING, INC.,

      Plaintiff,

v.

CITY OF DETROIT, CITY OF DETROIT
POLICE DEPARTMENT, and DETROIT
BOARD OF COMMISSIONERS,

      Defendants.

Case No. 17-12446
Hon. Sean F. Cox
Mag. Judge Patricia T. Morris

Wayne County Circuit Court
Case No. 2017-010371-AW

---

CITY OF DETROIT,

      Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

BOULEVARD & TRUMBULL TOWING, INC.,
a Delaware corporation,

      Plaintiff/Counter-Defendant,

and

FIORE VENTURES II, INC., a Michigan corporation,
THE REALTY COMPANY, a Michigan corporation,
THE REALTY COMPANY 2411 VINEWOOD, INC., a Michigan
corporation, EMERGENCY ROAD RESPONSE, INC., a Michigan
corporation, JJG Equipment, LLC, a Michigan limited liability
company, GASPER FIORE, an Individual, JOAN FIORE, an individual,
JESSICA FIORE, an individual, and JENNIFER FIORE, an individual,

      Third-Party Defendants.

> **BRIEF IN SUPPORT OF THE
> REALTY COMPANY, THE
> REALTY COMPANY 2411
> VINEWOOD, INC., AND
> JENNIFER FIORE'S MOTION
> TO DISMISS AND FOR
> OTHER RELIEF RELATING
> TO THE CITY OF DETROIT'S
> THIRD-PARTY COMPLAINT
> (Doc. 7)**

/

# TABLE OF CONTENTS

**Pages**

INDEX OF AUTHORITIES ................................................................. iii

CONCISE STATEMENT OF ISSUES PRESENTED ............................................ vii

STATEMENT OF CONTROLLING AND/OR MOST APPROPRIATE
    AUTHORITIES ................................................................. viii

I.      INTRODUCTION ............................................................... 1

II.     BACKGROUND AND THE THIRD-PARTY COMPLAINT ..................... 2

      A.    The City Terminated B&T's Towing Permit And Eventually Filed
           Claims Based Upon An Incomplete Investigation ............................. 2

      B.    The Claims Alleged By The City ........................................ 4

      C.    TRC, Vinewood, And Jennifer Seek Dismissal Of The City's
           Third-Party Claims And Other Relief .................................... 5

III.    LEGAL STANDARDS ........................................................ 5

IV.    ARGUMENT ............................................................... 7

      A.    This Court Should Dismiss The City's Third-Party Complaint
           Pursuant To Fed. R. Civ. P. 14(a) ..................................... 7

      B.    Additionally Or Alternatively, The Court Should Decline To
           Exercise Supplemental Jurisdiction Over The City's Third-Party
           Complaint, Which Alleges Only State-Law Claims ........................ 9

      C.    If the Court Considers The "Merits" Of The City's Claims, Such
           Claims Should Be Dismissed In Their Entirety And With
           Prejudice Pursuant To Fed. R. Civ. P. 12(b)(6) ........................ 13

           1.    *The City's Claims For "Fraud" And "Fraudulent*
               *Concealment" (Counts I-II) Should Be Dismissed As A*
               *Matter Of Law* ................................................... 13

           2.    *The City's Claim For "Common Law And Statutory*
               *Conversion" (Count III) Should Be Dismissed As A Matter*
               *Of Law* ...................................................... 15

           3.    *The City's Claim For "Civil Conspiracy" (Count IV)*
               *Should Be Dismissed As A Matter Of Law* ...................... 16

4.    *The City's Claim For "Collection Of Delinquent Tax" (Count V) Should Be Dismissed As A Matter Of Law* .............. 17

5.    *The City's Claim For "Unjust Enrichment/Quantum Meruit" (Count VI) Should Be Dismissed As A Matter Of Law* ........................................................................................... 19

2.  Alternatively, The Court Should Order The City To File A More Definite Statement Pursuant To Rule 12(e) ........................................ 20

V.  CONCLUSION ........................................................................................... 21

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*16630 Southfield Ltd. P'ship v. Flagstar Bank,*
    727 F.3d 502 (6th Cir. 2013)..................................................................viii, 14, 15

*Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,*
    257 Mich. App. 365; 670 N.W.2d 569 (2003).............................................. 16, 17

*AFT Michigan v. Michigan,*
    303 Mich. App. 651; 846 N.W.2d 583 (2014)...................................................... 19

*Allstate Ins. Co. v. Structures Design/Build, LLC,*
    2016 WL 1071040 (W.D. Va. Mar. 17, 2016)........................................................ 6

*American Zurich Ins. Co. v. Cooper Tire & Rubber Co.,*
    512 F.3d 800 (6th Cir. 2008).............................................................................viii, 8

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...................................................................................*passim*

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ..............................................................................viii, 7, 14

*Bonner v. City of Brighton,*
    495 Mich. 209; 848 N.W.2d 380 (2014)............................................................... 17

*Bradley v. Saranac Comm. Schs. Bd. of Educ.,*
    455 Mich. 285; 565 N.W.2d 650 (1997)................................................viii, 18, 19

*Cirasuola v. Westrin,*
    No. 96–1360, 1997 WL 472176, (6th Cir. Aug. 18, 1997),
    (E.D.Mich.1996) (Gadola, J.)............................................................................... 6

*City of Chicago v. Int'l Coll. of Surgeons,*
    522 U.S. 156 (1997) ........................................................................................ 10

*Coffey v. Foamex L.P.,*
    2 F.3d 157 (6th Cir. 1993)............................................................................viii, 13

*Doe v. Cin-Lan, Inc.,*
    2009 WL 1508367 (E.D. Mich. May 29, 2009)..................................... 11

*Early Detection Center, PC v. New York Life Ins. Co.,*
    157 Mich. App. 618; 403 N.W.2d 830 (1986).................................... 17

*Fernanders v. Mich. Dep't of Military & Veterans Affairs,*
    2012 WL 3262861 (E.D. Mich. Aug. 9, 2012)(Cleland, J.) .......................... 7, 20

*Frankel v. Detroit Medical Center,*
    409 F. Supp. 2d 833 (E.D. Mich. 2005)......................................... 6, 13

*Head v. Phillips Camper Sales & Rental, Inc.,*
    234 Mich. App. 94; 486 N.W.2d 595 (1999)............................... viii, 15

*Hom v. Brennan,*
    840 F. Supp. 2d 576 (E.D.N.Y. 2011)........................................... 10

*Law Offices of Christopher J. Trainor & Assocs., P.C. v. Pittman,*
    2015 WL 3948885 (E.D. Mich. Jun. 29, 2015) (Cox, J.) ................................. 15

*Lucas–Cooper v. Palmetto GBA,*
    2006 WL 2583407 (N.D. Ohio Sept. 7, 2006).................................... 11

*Marokus v. U.S.A. Veterans Admin. Medical Center of Okla.,*
    2015 WL 417902 (W.D. Okla. Jan. 30, 2015).................................... 10

*In re MCI Telecom. Complaint,*
    460 Mich. 396; 596 N.W.2d 164 (1999)......................................... 18

*Morris Pumps v. Centerline Piping, Inc.,*
    273 Mich. App. 187; 729 N.W.2d 898 (2006)................................... 19

*Nat'l Fire Ins. Co. of Hartford v. Daniel J. Keating Co.,*
    35 F.R.D. 137 (W.D. Pa. 1964)................................................. 5

*Paralee Boyd Salon, LLC v. COG Studio, LLC,*
    2016 WL 5388911 (E.D. Mich. Sept. 27, 2016) (Cox, J.)......................... viii, 12

*Ray v. Proxmire,*
    581 F.2d 998 (D.C. Cir. 1978), cert. denied, 439 U.S. 933 (1978).................... 11

*Saline River Prop., LLC v. Johnson Controls, Inc.,*
  2011 WL 132086622 (E.D. Mich. Jul. 11, 2011) (Cox, J.) ................................ 8

*Schafer v. City of Defiance Police Dep't,*
  529 F.3d 731 (6th Cir. 2008) ................................................................ 6

*Smerdon v. GEICO Cas. Co.,*
  2017 WL 2506421 (M.D. Pa. Jun. 9, 2017) ...................................... 5, 9

*Stojcevski v. County of Macomb,*
  143 F. Supp. 3d 675 (E.D. Mich. 2015) ................................................ 9

*Stough v. Mayville Comm. Sch.,*
  138 F.3d 612 (6th Cir. 1998) .............................................................. 6

*United Mine Workers v. Gibbs,*
  383 U.S. 715 (1966) ............................................................ viii, 6, 10, 12

**Statutes**

18 U.S.C. §201 ............................................................................. 10, 11

18 U.S.C. §371 ................................................................................. 10

26 U.S.C. §7201 .......................................................................... 10, 11

26 U.S.C. §7206(1) ...................................................................... 10, 11

28 U.S.C. §1331 ............................................................................... 10

28 U.S.C. §1367(a) ........................................................................ 6, 13

28 U.S.C. §1367(c) .............................................................. viii, 6, 7, 10

28 U.S.C. §1367(c)(2) ....................................................................... 12

M.C.L. §141.699 ............................................................................... 18

**Other Authorities**

Fed. R. Civ. P. 9(b) ............................................................................ 13

Fed. R. Civ. P. 12(b)(6) ............................................................... *passim*

Fed. R. Civ. P. 12(e) ..................................................... vii, 5, 7, 20

Fed. R. Civ. P. 13(h) ............................................................................ 9

Fed. R. Civ. P. 14 ................................................................................. 5

Fed. R. Civ. P. 14(a) ..................................................................... *passim*

Fed. R. Civ. P. 14(a)(1) ........................................................................ 8

Fed. R. Civ. P. 15(f)(1) ...................................................................... 11

Fed. R. Civ. P. 20(a)(2) ........................................................................ 9

Fed. R. Civ. P. 21 ................................................................................ 9

LR 7.1(d)(2) ..................................................................................... viii

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.   WHETHER THE COURT SHOULD DISMISS THE CITY'S THIRD-
     PARTY COMPLAINT (**Doc. 7**) FOR FAILURE TO COMPLY WITH FED.
     R. CIV. P. 14(a).

   TRC, Vinewood, and Jennifer answer "Yes."

   The Court should answer "Yes."


II.  WHETHER THE COURT SHOULD DECLINE TO EXERCISE
     SUPPLEMENTAL JURISDICTION OVER THE CITY'S THIRD-PARTY
     COMPLAINT (**Doc. 7**), WHICH ALLEGES ONLY STATE-LAW CLAMS.

   TRC, Vinewood, and Jennifer answer "Yes."

   The Court should answer "Yes."


III. WHETHER THE COURT SHOULD DISMISS THE CITY'S CLAIMS
     ALLEGED AGAINST TRC, VINEWOOD, AND JENNIFER IN THEIR
     ENTIRETY AND WITH PREJUDICE PURSUANT TO FED. CIV. P.
     12(b)(6).

   TRC, Vinewood, and Jennifer answer "Yes."

   The Court should answer "Yes."


IV.  WHETHER THE COURT SHOULD ORDER THE CITY TO FILE A MORE
     DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e).

   TRC, Vinewood, and Jennifer answer "Yes."

   The Court should answer "Yes."

## STATEMENT OF CONTROLLING AND/OR
## MOST APPROPRIATE AUTHORITIES

Pursuant to LR 7.1(d)(2), the controlling and/or most appropriate authorities are *16630 Southfield Ltd. P'ship v. Flagstar Bank*, 727 F.3d 502 (6th Cir. 2013), 28 U.S.C. §1367(c), *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800 (6th Cir. 2008), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Bradley v. Saranac Comm. Schs. Bd. of Educ.*, 455 Mich. 285; 565 N.W.2d 650 (1997), *Coffey v. Foamex L.P.*, 2 F.3d 157 (6th Cir. 1993), *Head v. Phillips Camper Sales & Rental, Inc.*, 234 Mich. App. 94; 486 N.W.2d 595 (1999), *Paralee Boyd Salon, LLC v. COG Studio, LLC*, 2016 WL 5388911 (E.D. Mich. Sept. 27, 2016) (Cox, J.), Rules 9(b), 12(b)(6), 12(e), and 14(a) of the Federal Rules of Civil Procedure, and *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

## I.   INTRODUCTION

After the City purported to terminate B&T's towing license, B&T filed suit against the City (and others) (**Doc. 1** at Ex 1). The City responded, in part, by filing its blunderbuss Counter/Third-Party Complaint (**Doc. 7**), whereby the City attempts to deflect, and minimize its own bad acts, by dragging nine (9) "Third-Party Defendants", including TRC, Vinewood, and Jennifer, into this removed action.

In its pleading, the City makes very serious allegations against TRC, Vinewood, and Jennifer, and, of course, against B&T and the other third-party defendants. In particular, the City purports to make allegations of fraud (Counts I-II), conversion (Count III), civil conspiracy (Count IV), and tax evasion (Count V). (In Count VI, the City claims unjust enrichment/quantum meruit).

Of the 175 paragraphs in the Third-Party Complaint, almost 50 contain improper "upon information and belief" allegations. When the procedural dust settles, the City—and its counsel—will have to account for each of the allegations asserted in the Third-Party Complaint (**Doc. 7**), including the following—made "upon information and belief"—that B&T and the third-party defendants, including TRC, Vinewood, and Jennifer, acted "to commit fraud, tax evasion, and other crimes against the City of Detroit and its residents" (*id.* at ¶24).

1

In the meantime, however, the Court should carefully review the legally insufficient and procedurally deficient Third-Party Complaint (**Doc. 7**), whereupon the Court should grant TRC, Vinewood, and Jennifer the relief requested in the foregoing Motion.

## II.   BACKGROUND AND THE THIRD-PARTY COMPLAINT

### A.   The City Terminated B&T's Towing Permit And Eventually Filed Claims Based Upon An Incomplete "Investigation"

For all of its verbosity, the City's Third-Party Complaint can be boiled down to a handful of allegations: (1) B&T and all third-party defendants, including TRC, Vinewood, and Jennifer, "operated a lucrative towing business in the City ..."[1] (**Doc. 7** at ¶32); (2) the City issued B&T a series of towing permits in 2011, which expired on May 31, 2016 (*id.* at ¶40); (3) B&T applied for, and the City issued, tow permit 16-037, commencing June 1, 2016, and expiring on May 21, 2021 (*id.* at ¶41); (4) when B&T applied for the towing permit in 2016, it represented that its president and owner was Third-Party Defendant Gasper Fiore ("Gasper") (*id.* at ¶42); (5) on May 31, 2017, Gasper was indicted on bribery and criminal conspiracy

---

[1] Because this Motion is brought pursuant to, among other things, Fed. R. Civ. P. 12(b)(6), and solely for purposes of this Motion, TRC, Vinewood, and Jennifer must accept as true the "factual allegations" set forth in the City's Third-Party Complaint (**Doc. 7**). Nevertheless, the legal conclusions drawn from the Third-Party Complaint are not "facts" and are hereby rejected in their entirety. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

charges relating to a Clinton Township public official (*id.* at ¶43); and (6) "[a]fter Gasper … was indicted, the City … began investigating both Gasper … and B&T for potential criminal conduct, or other improprieties, including tax evasion" (*id.* at ¶44).

Guess what the "investigation" uncovered? Well, the City and its counsel cannot say for certain because "[t]he investigation continues, and discovery should be allowed …" (**Doc. 16**, p.1).[2] But this yet-to-be-completed investigation did not stop the City and its counsel from: (A) terminating B&T's towing permit 16-037; (B) filing counter-claims against B&T (**Doc. 7**); and (C) filing third-party claims against, among others, TRC, Vinewood, and Jennifer (*id.*). That is, the same knee-jerk reaction that apparently caused the City to terminate towing permit 16-037, may have also caused the City to file the blunderbuss Counter/Third-Party Complaint (**Doc. 7**), wherein the City collapses and conflates B&T into several business entities, including TRC and Vinewood, and individuals, including Jennifer. That is, virtually every single allegation—and every single claim—is alleged against the same ten (10) individuals and entities, including TRC, Vinewood, and Jennifer (*see, e.g.*, **Doc. 7** at 24-27, 30-32, 50-57, 80-81, 87-91, 93, 96-105 & all Counts).

---

[2] **Doc. 16** is the City's "Memorandum of Law in Response to Plaintiff's Motion to Dismiss".

## B.   The Claims Alleged By The City

In its Counter/Third-Party Complaint, the City alleges a total of six counts—

each one of which is alleged against B&T and each of the third-party defendants,

including TRC, Vinewood, and Jennifer. Those claims are:

- Count I – Fraud: the City alleges that "[t]he Counter-Complaint and Third Party Defendants"—including TRC, Vinewood, and Jennifer— "represented to the City … that they were being truthful in their applications for towing permits" (**Doc. 7** at ¶108), including "regarding the true owners and officers of the Fiore Entities" (*id.* at ¶110; *see also id.* at ¶25 (defining the "Fiore Entities")), and other misrepresentations relating to tax filings (*id.* at ¶114);

- Count II – Fraudulent Concealment: in this amorphous claim, the City seemingly regurgitates its Count I claim, except that it is completely devoid of any particularly stated facts (*see* **Doc. 7** at ¶¶121-126);

- Count III – Common Law and Statutory Conversion: the City alleges that "the Counter-Complaint and Third Party Complaint Defendants"— including TRC, Vinewood, and Jennifer—"unlawfully and knowingly stole, converted, and embezzled money that is lawfully the property of the City … for [their] own use, in excess of $300,000.00" (**Doc. 7** at ¶129; *see also id.* at ¶131 (alleging that these same counter/third-party defendants "wrongfully exerted distinct acts of dominion and control over assets of the City …, specifically, withheld income taxes and payments for towing services …");

- Count IV – Civil Conspiracy: the City claims that B&T and the third-party defendants, including TRC, Vinewood, and Jennifer, "are all related parties" and "related entities" (**Doc. 7** at ¶¶140-141), and that they "conspired and worked together to defraud the City … and evade the payment of required taxes to the City …" (*id.* at ¶142);

- Count V – Collection of Delinquent Tax: "the Counter-Complaint and Third Party Complaint Defendants"—including TRC, Vinewood, and Jennifer—have failed to pay the sums due to the City … under the Detroit

Tax Ordinance and currently owe an amount to be determined through the course of discovery" (**Doc. 7** at ¶157); and

- Count VI – Unjust Enrichment/Quantum Meruit: "the Counter-Complaint and Third Party Complaint Defendants"—including TRC, Vinewood, and Jennifer—"received the benefit of a significant amount of the City['s] ... money by virtue of [their] above-referenced fraud, embezzlement, conversion, and other unlawful, wrongful, and inequitable actions and misconduct" (**Doc. 7** at ¶167).

### C.   TRC, Vinewood, And Jennifer Seek Dismissal Of The City's Third-Party Claims And Other Relief

For the reasons stated more fully in Part IV., *infra*, the Court should:

- Dismiss the City's Third-Party Complaint (**Doc. 7**) for failure to comply with Fed. R. Civ. P. 14(a); or

- Decline to exercise supplemental jurisdiction over the City's Counter/Third-Party Complaint (**Doc. 7**), which alleges only state-law claims; or

- Dismiss the City's claims in their entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6); and/or

- Order the City to file a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## III.  LEGAL STANDARDS

Rule 14. "'Impleader under Rule 14 has quite consistently been held to be within the sound discretion of the court.'" *Smerdon v. GEICO Cas. Co.*, 2017 WL 2506421, *3 (M.D. Pa. Jun. 9, 2017) (**Ex. A**) (quoting *Nat'l Fire Ins. Co. of Hartford v. Daniel J. Keating Co.*, 35 F.R.D. 137, 140 (W.D. Pa. 1964)). "'Thus, courts are afforded broad discretion to dismiss a third-party complaint filed under

Rule 14(a).'" *Id.* (internal quotations omitted) (quoting *Allstate Ins. Co. v.*

*Structures Design/Build, LLC*, 2016 WL 1071040, *7 (W.D. Va. Mar. 17, 2016)).

"'An abuse of discretion exists when the reviewing court is firmly convinced that a

mistake has been made.'" *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731,

736 (6th Cir. 2008) (quoting *Stough v. Mayville Comm. Sch.*, 138 F.3d 612, 614

(6th Cir. 1998)). In this regard, a trial court abuses its discretion only "'when it

relies on clearly erroneous findings of fact, when it improperly applies the law, or

uses an erroneous legal standard.'" *Id.* (quoting *Stough*, 138 F.3d at 614).

Declining To Exercise Supplemental Jurisdiction Pursuant to 28 U.S.C.

§1367(c). In *Frankel v. Detroit Medical Center*, 409 F. Supp. 2d 833 (E.D. Mich.

2005), Judge Gadola explained that

> [u]nder the standard enunciated in *United Mine Workers v. Gibbs*, 383
> U.S. 715 (1966), and codified in 28 U.S.C. § 1367(c), this Court has
> broad discretion to exercise its supplemental jurisdiction. ***Even where***
> ***"the [Court] arguably ha[s] supplemental jurisdiction over the state***
> ***law claims pursuant to 28 U.S.C. §1367(a), the [C]ourt has discretion***
> ***to decline to exercise its supplemental jurisdiction.***" *Cirasuola v.*
> *Westrin*, No. 96–1360, 1997 WL 472176, at *1 (6th Cir. Aug. 18, 1997),
> aff'g, 915 F.Supp. 909 (E.D.Mich.1996) (Gadola, J.). [*Frankel*, 409 F.
> Supp. 2d at 843 (emphasis added).]

Rule 12(b)(6).[3] A pleading can only survive a Rule 12(b)(6) motion to dismiss

if it alleges sufficient "facts to state a claim to relief that is plausible on its face."

---

[3] To be clear, TRC, Vinewood, and Jennifer have moved to dismiss the Third-Party
Complaint pursuant to Fed. R. Civ. P. 12(b)(6), as part of their first response to that
pleading. Nevertheless, and for the sake of logic in the ordering of their arguments,

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint will fail if it demonstrates nothing more than a sheer possibility that the defendants' conduct was unlawful. *Id.* at 556. Claims comprised of labels and conclusions, and a formulaic recitation of the elements of a cause of action, will not suffice. Thus, a claim should be dismissed unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(e). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Under this sub-rule, the Court has discretion to grant a party's request for a more definite statement. *E.g.*, *Fernanders v. Mich. Dep't of Military & Veterans Affairs*, 2012 WL 3262861, *1 (E.D. Mich. Aug. 9, 2012) (**Ex. B**) (Cleland, J.).

## IV.  ARGUMENT

### A.   The Court Should Dismiss The City's Third-Party Complaint Pursuant To Fed. R. Civ. P. 14(a)

TRC, Vinewood, and Jennifer hereby incorporate by reference the arguments set forth on pages 3-5 of the Brief in Support of B&T's MTD (**Doc. 12**) as if fully

---

TRC, Vinewood, and Jennifer first seek dismissal of the Third-Party Complaint pursuant to Fed. R. Civ. P. 14(a) and 28 U.S.C. §1367(c).

restated herein, including its citations to Fed. R. Civ. P. 14(a)(1) and *American*

*Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800 (6th Cir. 2008).

In addition, the Court should refer to its decision in *Saline River Prop., LLC v.*

*Johnson Controls, Inc.*, 2011 WL 132086622 (E.D. Mich. Jul. 11, 2011) (Cox, J.)

(**Ex. C**). In that case, the Court quoted extensively from *American Zurich*,

including as follows:

> "[T]hird-party pleading is appropriate only where the third-party
> defendant's liability to the third-party plaintiff is dependent on the
> outcome of the main claim; one that merely arises out of the same set of
> facts does not allow a third-party defendant to be impleaded." [*American
> Zurich*, 512 F.3d at 805]. "A defendant attempting to transfer the
> liability asserted against him by the original plaintiff to the third-party
> defendant is therefore the *essential criterion* of a third-party claim." *Id.*
> (emphasis added). "Correlatively, a defendant's claim against a third-
> party defendant cannot simply be an independent or related claim, but
> must be based upon the original plaintiff's claim against the defendant."
> *Id.* [*Saline*, 2011 WL 132086622 at *2.]

The *Saline* Court further explained that

> "Rule 14(a) does not allow a third-party complaint to be founded on a
> defendant's independent cause of action against a third-party defendant,"
> ***even if it arises out of the same occurrence underlying the plaintiff's
> claim***, "because a third-party complaint must be founded on a third-
> party's actual or potential liability to the defendant for all or part of the
> plaintiff's claim against the defendant." *American Zurich*, 512 F.3d at
> 805 [*Saline*, 2011 WL 132086622 at *3 (emphasis added).]

In other words, even if the City's so-called third-party claims arise out of the

same occurrence underlying B&T's claims against the City, the Court should

nevertheless dismiss the City's Third-Party Complaint because the claims alleged

by the City against TRC, Vinewood, and Jennifer are not founded on their actual or potential lability for the City's termination of B&T's towing permit.

For all of these reasons, and because "… courts are afforded broad discretion to dismiss a third-party complaint filed under Rule 14(a)" (*Smerdon*, 2017 WL 2506421 at *3 (internal quotations and citations omitted)), the Court should dismiss the City's Third-Party Complaint (**Doc. 7**) pursuant to Fed. R. Civ. P. 14(a).

But even if the Court were to find that the City's Third-Party Complaint complied with Rule 13(h) and, correspondingly, Fed. R. Civ. P. 20(a)(2), the Court should, nevertheless, exercise its discretion and decline to exercise supplemental jurisdiction over the claims pled.[4]

**B.    Additionally Or Alternatively, The Court Should Decline To Exercise Supplemental Jurisdiction Over The City's Third-Party Complaint, Which Alleges Only State-Law Claims**

TRC, Vinewood, and Jennifer hereby incorporate by reference the arguments set forth on pages 5-10 of the Brief in Support of B&T's MTD (**Doc. 12**) as if fully

---

[4] Parenthetically, where the requirements of Fed. R. Civ. P. 20(a)(2) have been satisfied, the Court has discretion to sever misjoined defendants. *See Stojcevski v. County of Macomb*, 143 F. Supp. 3d 675, 682 (E.D. Mich. 2015). Indeed, "[w]hen misjoinder occurs, Rule 21 grants a court the authority to drop or add parties 'at any stage of the action and on such terms as are just.'" *Id.* (quoting Fed. R. Civ. P. 21).

restated herein, including its citations to 28 U.S.C. §1367(c),[5] *Gibbs v. United Mine Workers*, 383 U.S. 715, 725 (1966), and *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997).

In addition, the face of the Third-Party Complaint confirms that the City's counter/third-party claims are ***not*** asserted under 28 U.S.C. §1331 (*see generally* **Doc. 7**; *see also id.* at ¶28). It is also apparent that no private rights of action exist under the federal statutes (needlessly) inserted into paragraph 104 of the City's Third-Party Complaint (**Doc. 7** at ¶104). In paragraph 104, the City "alleges" that B&T and the third-party defendants committed a series of tax violations in contravention of four ***federal*** statutes—two under 18 U.S.C. §371 (**Doc. 7** at ¶104.a-b.), one under 26 U.S.C. §7201 (**Doc. 7** at ¶104.c.), one under 26 U.S.C. §7206(1) (**Doc. 7** at ¶104.d.), and one under 18 U.S.C. §201 (**Doc. 7** at ¶104.e.).[6]

---

[5] Section 1367(c) of title 28 of the U.S. Code states that district courts may decline to exercise supplemental jurisdiction over a claim when:
> (1) the claim raises a novel or complex issue of State law;
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> (3) the district court has dismissed all claims over which it has original jurisdiction, ***or***
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. [28 U.S.C. §1367(c) (emphasis added).]

[6] *E.g.*, *Hom v. Brennan*, 840 F. Supp. 2d 576, 582 (E.D.N.Y. 2011) (collecting cases for the proposition that there is no private right of action under 18 U.S.C. §371, relating to conspiracy to commit offense or defraud the United States); *Marokus v. U.S.A. Veterans Admin. Medical Center of Okla.*, 2015 WL 417902, *1 (W.D. Okla. Jan. 30, 2015) (**Ex. D**) (recognizing that no private right of action

It appears, therefore, that the City included these scandalous allegations against B&T and the third-party defendants, including TRC, Vinewood, and Jennifer, as a scare/bullying tactic; a thinly-veiled attempt to prop up the City's trumped up and—as stated herein and elsewhere—improperly filed and insufficiently pleaded third-party claims. Such allegations are immaterial and impertinent to the City's third-party claims, and they certainly constitute scandalous matter.

For example, in *Doe v. Cin-Lan, Inc.*, 2009 WL 1508367 (E.D. Mich. May 29, 2009) (**Ex. F**), Magistrate Judge Hluchaniuk explained, among other things, that portions of pleadings should be stricken "where the complaint contains immaterial allegations that have no bearing on the subject matter of the litigation" and that such material should be stricken "where the requested relief is unavailable." *Id.* at *1 (citations omitted).

The Court should, on its own, pursuant to Fed. R. Civ. P. 15(f)(1), strike paragraph 104 from the Third-Party Complaint (**Doc. 7**).

---

exists under 26 U.S.C. §7201—attempt to evade or defeat federal taxes); *Lucas–Cooper v. Palmetto GBA*, 2006 WL 2583407, *10 (N.D. Ohio Sept. 7, 2006) (**Ex. E**) (stating that 26 U.S.C. §7206(1), addressing fraud and false statements under the Internal Revenue Code, is a criminal statute that grants no private right of action); *Ray v. Proxmire*, 581 F.2d 998, 1001 (D.C. Cir. 1978), cert. denied, 439 U.S. 933 (1978) (upholding Rule 12(b)(6) dismissal of claim brought under 18 U.S.C. §201 because "bare criminal statute" provides no private cause of action).

Ultimately, however, the Court should follow its decision in *Paralee Boyd Salon, LLC v. COG Studio, LLC*, 2016 WL 5388911 (E.D. Mich. Sept. 27, 2016) (Cox, J.) (**Ex. G**), and decline to exercise supplemental jurisdiction over the City's third-party claims. In that case, the Court explained, in part, that,

> [h]aving reviewed the state-law claims in the Salon's complaint, this Court concludes that those state-law claims predominate. 28 U.S.C. §1367(c)(2). In addition, this Court finds that the potential for jury confusion in this case would be great if the Salon's federal claims were presented to a jury along with those state-law claims. Thus, the potential for jury confusion is yet another reason for this Court to decline to exercise supplemental jurisdiction over the Salon's state-law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) ... [*Paralee Boyd Salon*, 2016 WL 5388911 at *2.]

The Court should do the same here and find that the state-law claims alleged in the Third-Party Complaint, which are they ***only*** claims alleged in that pleading, predominate, and that the Court should exercise its discretion and decline to exercise supplemental jurisdiction over any of the claims pled in the Counter/Third-Party Complaint (**Doc. 7**). Moreover, B&T demanded a jury on its claims (**Doc. 1** at Ex. 1), and the City filed a reliance upon B&T's jury demand (**Doc. 6**, p.21). The City also filed a jury demand in its Third-Party Complaint (**Doc. 7** (Pg ID 146-147)). In other words, the potential for jury confusion in this case would be great if B&T's federal claims were presented to jury along with the state-law claims filed by B&T and the City—not to mention any other claims that may be filed in this action. *See Paralee Boyd Salon*, 2016 WL 5388911 at *2; *see*

*also Frankel*, 409 F. Supp. 2d at 843 ("Even where 'the [Court] arguably ha[s] supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367(a), the [C]ourt has discretion to decline to exercise its supplemental jurisdiction.'" (citation omitted)).

### C. If the Court Considers The "Merits" Of The City's Claims, Such Claims Should Be Dismissed In Their Entirety And With Prejudice Pursuant To Fed. R. Civ. P. 12(b)(6)

#### 1. The City's Claims For "Fraud" And "Fraudulent Concealment" (Counts I-II) Should Be Dismissed As A Matter Of Law

TRC, Vinewood, and Jennifer hereby incorporate by reference the arguments set forth on pages 10-13 of the Brief in Support of B&T's MTD (**Doc. 12**) as if fully restated herein, including its citations to Fed. R. Civ. P. 9(b) and *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993).

In addition, and as stated above, the City's Third-Party Complaint includes almost 50 "upon information and belief" "allegations." For example, in paragraph 24 of its Third-Party Complaint, the City alleges:

> Upon information and belief, at all times relevant to this action, Third-Party Defendants, Gasper Fiore, Joan Fiore, Jennifer Fiore, and Jessica Lucas were acting on their own behalf, and on behalf of B&T Towing, Fiore Ventures II, The Realty Company, TRC 2411 Vinewood, Emergency Road Response, and JJDG Equipment to commit fraud, tax evasion, and other crimes against the City … and its residents. [**Doc. 7** at ¶24.]

Paragraph 24 is no anomaly (*see, e.g.*, **Doc. 7** at ¶¶57-58, 61-78, 100, 116, 140-143). But more than that: in its Count I-II fraud claims, the City refers to

"detail[s]" as "outlined" in the General Allegations of its Third-Party Complaint to prop up its fraud claims (*id.* at ¶¶115, 122). In Count I itself, the City alleges, in part, that, "Upon information and belief, the Counter-Complaint and Third Party Complaint Defendants have made additional material misrepresentations to the City …, the details of which will be revealed through the course of discovery" (*id.* at ¶116). Such allegations are insufficient to state claims, ***especially*** ones for fraud.

To be certain, to survive a motion to dismiss, the pleading must state "facts" creating a "plausible inference" of wrongdoing. *Iqbal*, 556 U.S. at 682. That the City and its counsel "believe" something to be true does not create a plausible inference that it is, in fact, true. *E.g.*, *Twombly*, 550 U.S. at 551 (complaint insufficient to state a claim wherein, "'Plaintiffs allege upon information and belief that [defendants] have entered into a contract, combination or conspiracy to prevent competitive entry in their respective local telephone and/or high speed internet services markets …'").

In *16630 Southfield Ltd. P'ship v. Flagstar Bank*, 727 F.3d 502 (6th Cir. 2013), the Sixth Circuit explained, in part, that a series of "upon information and belief" allegations

> are precisely the kinds of conclusory allegations that *Iqbal* and *Twombly* condemned and thus told [lower federal courts] to ignore when evaluating a complaint's sufficiency. … "[N]aked assertions devoid of further factual enhancement" contribute nothing to the sufficiency of the

complaint. *Iqbal*, 556 U.S. at 678 …. [*16630 Southfield*, 727 F.3d at 506.]

For all of these reasons, the Court should dismiss Counts I-II of the City's Third-Party Complaint against TRC, Vinewood, and Jennifer in their entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### 2. *The City's Claim For "Common Law And Statutory Conversion" (Count III) Should Be Dismissed As A Matter Of Law*

TRC, Vinewood, and Jennifer hereby incorporate by reference the arguments set forth on pages 13-15 of the Brief in Support of B&T's MTD (**Doc. 12**) as if fully restated herein, including its citation to *Head v. Phillips Camper Sales & Rental, Inc.*, 234 Mich. App. 94, 111-112; 486 N.W.2d 595, 603 (1999). In further support, TRC, Vinewood, and Jennifer commend *Law Offices of Christopher J. Trainor & Assocs., P.C. v. Pittman*, 2015 WL 3948885, **3-4 (E.D. Mich. Jun. 29, 2015) (Cox, J.) (**Ex. H**) (holding, as a matter of law, that plaintiffs failed to plead statutory conversion of money). In *Law Offices*, this Court explained, among other things, that "[c]onversion is only applicable in cases involving money that is the property of one party but held by another party (*e.g.*, bank accounts, trusts, etc.) which is then wrongfully taken[,]" and that "[t]o support an action for conversion of money, the defendant must have an obligation to return the specific money entrusted by plaintiff to his care." *Id.* at *4 (internal quotations and citations omitted).

In its "Memorandum" opposing B&T's MTD, the City admits that its count III claim for conversion is one involving "essentially steal[ing] and conceal[ing] money from the City of Detroit" (**Doc. 16** at p.12; *see also* **Doc. 7** at ¶129 ("… the Counter-Complaint and Third Party Complaint Defendants unlawfully and knowingly stole, converted, and embezzled *money* that is lawfully the property of the City … for [their] own use …") (emphasis added)). The City also confesses, as it must, that "[t]his is *not* an entrustment of money case in which the defendants had an obligation to return or deliver specific money entrusted to their care" (*id.* (emphasis added)).

For these reasons, including the City's admissions that it fails to state a conversion of money claim, the Court should dismiss Count III of the City's Third-Party Complaint against TRC, Vinewood, and Jennifer in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### 3.   *The City's Claim For "Civil Conspiracy" (Count IV) Should Be Dismissed As A Matter Of Law*

TRC, Vinewood, and Jennifer hereby incorporate by reference the arguments set forth on page 16 of the Brief in Support of B&T's MTD (**Doc. 12**) as if fully restated herein, including its citation to *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 257 Mich. App. 365, 384; 670 N.W.2d 569, 580 (2003).

Further, TRC, Vinewood, and Jennifer reiterate that "'a claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate,

actionable tort.'" *Id.* (quoting *Early Detection Center, PC v. New York Life Ins. Co.*, 157 Mich. App. 618, 632; 403 N.W.2d 830 (1986)). For the reasons stated elsewhere in this Part IV., the Court should find, as a matter of law, that the City's Count IV conspiracy claim must be dismissed because the City has failed to plead, much less prove, a separate, actionable tort committed by TRC, Vinewood, and/or Jennifer.

Lastly, the City's "upon information and belief" allegations that B&T and the third-party defendants, including TRC, Vinewood, and Jennifer, "are all related parties" and "related entities" (**Doc. 7** at ¶140), and that they, "[u]pon information and belief ... conspired and worked together to defraud the City ... and evade the payment of required taxes to the City ..." (*id.* at ¶142) are insufficient as a matter of law to survive a motion to dismiss (*see* Part IV.C.1., *supra*).

For all of these reasons, the Court should dismiss the City's Count IV claim for conspiracy in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### 4. The City's Claim For "Collection Of Delinquent Tax" (Count V) Should Be Dismissed As A Matter Of Law

TRC, Vinewood, and Jennifer hereby incorporate by reference the arguments set forth on pages 18-19 of the Brief in Support of B&T's MTD (**Doc. 12**) as if fully restated herein. In addition, under Michigan law, "the rules governing statutory interpretation apply with equal force to a municipal ordinance[.]" *Bonner*

*v. City of Brighton*, 495 Mich. 209, 221; 848 N.W.2d 380, 388 (2014). "It is a maxim of statutory construction that every word of a statute [(and municipal ordinance)] should be read in such a way as to be given meaning, and a court should avoid a construction that would render any part of the statute surplusage or nugatory." *In re MCI Telecom. Complaint*, 460 Mich. 396, 414; 596 N.W.2d 164, 175-176 (1999). Further, the Michigan Supreme Court "recognizes the maxim *expressio unius est exclusio alterius*; that the express mention in a statute of one thing implies the exclusion of other similar things.'" *Bradley v. Saranac Comm. Schs. Bd. of Educ.*, 455 Mich. 285, 298; 565 N.W.2d 650, 656 (1997).

By its plainly stated terms, the Detroit Uniform City Income Tax Ordinance, Detroit City Code §§18-10-1, *et. seq.*, expressly prescribes the "enforcement" (Detroit City Code §18-10-17(a)) and "assessment" (*id.* at §18-10-17(b)) schemes for when "a taxpayer or an employer … has [allegedly] failed to pay the full amount of tax due or tax withheld" (*id.* at §18-10-17(b)-(c)). The City's Code, therefore, implies the exclusion of other similar things, including a civil action for the "Collection of Delinquent Tax". *Bradley*, 455 Mich. at 298; 565 N.W.2d at 656; *see also* Detroit City Code at §§18-10-18-18-10-25. The City tacitly admits as much in its "Memorandum" in opposition to B&T's MTD (**Doc. 16** at p.18 (stating that M.C.L. §141.699—the statutory analogue to Detroit City Code §18-10-25—

"does not expressly address the remedy for a civil conspiracy or other wrong doings [sic] alleged in the" the Counter/Third-Party Complaint).

Likewise, the City admits that it completely failed to serve any "assessments" required by Detroit City Code §18-10-17(b)-(c) (*see* **Doc. 16** at pp.17-18). Moreover, nothing in the City's tax ordinance allows the City to file a civil action in lieu of an "assessment" (*see* **Doc. 16** at p.17 ("… the City … certainly was not in a position to issue assessments …"). However sliced or diced, the Detroit City Code does ***not*** grant the City a civil action against TRC, Vinewood, and Jennifer for "Collection of Delinquent Tax". *See Bradley*, 455 Mich. at 298; 565 N.W.2d at 656.

For all of these reasons, the Court should dismiss the City's Count V in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### 5. *The City's Claim For "Unjust Enrichment/Quantum Meruit"*[7] *(Count VI) Should Be Dismissed As A Matter Of Law*

TRC, Vinewood, and Jennifer hereby incorporate by reference the arguments set forth on pages 18-19 of the Brief in Support of B&T's MTD (**Doc. 12**) as if fully restated herein, including its citation to *Morris Pumps*, *supra*. Moreover, such claims are "the equitable counterpart of a legal claim for breach of contract." *AFT Michigan v. Michigan*, 303 Mich. App. 651, 677; 846 N.W.2d 583, 599 (2014).

---

[7] The elements for unjust enrichment and quantum meruit are the same. *See Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 195; 729 N.W.2d 898, 904 (2006).

Nowhere in its pleading does the City allege any facts whereby an implied contract exists or existed between itself and TRC, Vinewood, and/or Jennifer (*see generally* **Doc. 7**). Count VI of the Third-Party Complaint, therefore, should be dismissed in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### D.   Alternatively, The Court Should Order The City To File A More Definite Statement Pursuant To Rule 12(e)

Even a passing glance at the City's blunderbuss Third-Party Complaint reveals that the scattershot allegations are unintelligible, at best, and, at worst, subterfuge for its own misconduct, vis-à-vis, the termination of B&T's towing permit in a closed session.

As stated above, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Court, in the exercise if its discretion, should order the City to file a more definite statement against the counter/third-party defendants, including TRC, Vinewood, and Jennifer, so that they may reasonably prepare their response to the incomprehensible allegations currently on file in **Doc. 7**. *See Fernanders*, 2012 WL 3262861 *1.

## V.   CONCLUSION

For the reasons stated above, TRC, Vinewood, and Jennifer request that the

Court enter an order consistent with the relief requested in the foregoing Motion.

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

By:   /s/ Derek D. McLeod
      Christopher A. Andreoff (P10193)
      Derek D. McLeod (P66229)
      *Attorneys for The Realty Company,*
        *The Realty Company 2411 Vinewood, Inc.,*
        *and Jennifer Fiore, Only*
      27777 Franklin Road, Suite 2500
      Southfield, Michigan 48034-8214
      (248) 351-3000
      candreoff@jaffelaw.com
Dated: October 12, 2017    dmcleod@jaffelaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2017, I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing upon all ECF Participants.

<div style="margin-left:40%">

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

By:   /s/ Derek D. McLeod
      Christopher A. Andreoff (P10193)
      Derek D. McLeod (P66229)
      *Attorneys for The Realty Company,*
        *The Realty Company 2411 Vinewood, Inc.,*
        *and Jennifer Fiore, Only*
      27777 Franklin Road, Suite 2500
      Southfield, Michigan 48034-8214
      (248) 351-3000
      candreoff@jaffelaw.com
      dmcleod@jaffelaw.com

</div>

Dated: October 12, 2017