UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Boulevard & Trumbull Towing, Inc.,

    Plaintiff,

v.                                                 Civil Case No. 17-12446

City of Detroit, *et al.*,                    Sean F. Cox
                                                               United States District Court Judge

    Defendants.

_____/

**OPINION & ORDER**
**DISMISSING FEDERAL PROCEDURAL DUE PROCESS CLAIM**
**WITHOUT PREJUDICE**

Currently pending before this Court is an Amended Motion for Preliminary Injunction filed by Plaintiff. The Court is currently scheduled to begin an evidentiary hearing on the motion on January 17, 2018. On December 5, 2017, however, this Court issued an Order To Show Cause, that ordered the parties to address a jurisdictional issue regarding Plaintiff's federal procedural due process claim. The parties have since responded to that Show Cause Order. For the reasons that follow, the Court shall dismiss Plaintiff's federal procedural due process claim without prejudice.

As explained below, there are two types of federal procedural due process claims. In the first type of claim, a plaintiff shows that he was deprived of property as a result of some established state procedure that itself violates due process. Second, a plaintiff can allege that the defendants deprived him of property pursuant to a "random and unauthorized act," but in that case the plaintiff also must also plead and prove the inadequacy of state remedies in order to

1

proceed with the claim. Here, Plaintiff has alleged the second type of claim but Plaintiff *has* an adequate state-law remedy available to it – Plaintiff's freestanding mandamus claim under Michigan law that is currently proceeding in Plaintiff's chosen forum, the Wayne County Circuit Court. Accordingly, the Court shall dismiss Plaintiff's federal procedural due process claim without prejudice.

**BACKGROUND**

Plaintiff Boulevard & Trumbull Towing, Inc. ("B&T") filed a six-count complaint against Defendants the City of Detroit, the City of Detroit Police Department, and Detroit Board of Police Commissioners (hereinafter collectively referred to as "the City") in state court, asserting the following counts: 1) "Mandamus" (Count I); 2) "Injunctive Relief" (Count II); 3) "Substantive Due Process Violation" (Count III); 4) "Procedural Due Process;" 5) "Open Meetings Act Violation" (Count V); and 6) "Damages Under MCL 600.4431" of Michigan's mandamus statute (Count VI).

B&T's complaint includes the following allegations. B&T is a towing company that has done work for the City for over thirty years. B&T alleges that although it was issued a towing permit by the Defendant Board to operate in the City until 2021, the Defendant Board "has a history of animosity toward" B&T, including a statement by one former Board member that she wanted B&T "out of business." (Compl. at 3). B&T alleges that, in violation of the City's ordinances, the City's Charter, rules promulgated by the Defendant Board, and in violation of Michigan's Open Meetings Act, the City terminated B&T's towing permit. B&T alleges that the termination "decision was made in secret at a closed session, without any input or defense by Plaintiff, in contradiction of the strict procedures outlined in the ordinance" and that

"Defendants' arbitrary and capricious actions" amount to a violation of B&T's procedural due process rights. (*Id*. at 10). B&T also alleges that Defendants' "arbitrary and capricious actions" also constitute a violation of its substantive due process rights. (*Id*. at 8).

B&T's complaint also asserts a claim under Michigan's mandamus statute. B&T alleges that given the applicable ordinances and rules that apply to its permit, it has a "clear legal right to performance" of specific duties by Defendants, including:

> a) Full benefit of the issued towing permit for five years pursuant to the specific provisions of Detroit Ordinance §§ 55-15-1 et seq., and § 55-2-82;
> b) Defendants' Compliance with the termination procedures specifically stated in Detroit Ordinance § 55-15-1(4), and § 11-15-1 et seq.;
> c) A written order detailing the specifics of the termination;
> d) A hearing prior to the issuance of any termination, or alternatively a hearing as soon as practicable, depending on what aspect of the termination proceedings of Detroit Ordinance § 55-15-1(4) are relied upon;
> e) Notice and opportunity to be heard prior to any meeting or Board action regarding the property right inherent in the permit at issue;

(Compl. at 6). B&T alleges that:

> 37. These acts are ministerial in nature as Detroit Ordinance § 55-15-1(4) spells out without ambiguity the procedures required for the Board's actions regarding Plaintiff's permit.
> 38. While the eventual outcome of the proceedings may be discretionary, the Ordinance, and City Charter, and Open Meetings Act leave absolutely no discretion whatsoever to Defendants in publicizing, notifying, and otherwise allowing for Plaintiff to be heard by holding a hearing regarding the property right of the permit at issue.

(*Id.* at 7). B&T asks the Court to issue a writ of mandamus and compel Defendants to "fulfill their ministerial duties and properly hold a hearing, with appropriate notice, in order to determine Plaintiff's rights pursuant to the strict provisions" of the applicable ordinances, rules,

3

etc. (*Id.*).

The City removed the action to this Court, based upon federal-question jurisdiction over the federal portions of Counts III and IV, and asked this Court to exercise supplemental jurisdiction over the remaining state-law claims. In addition, soon after removing the case to this Court, the City filed a Counter-Complaint and Third-Party Complaint wherein six state-law counter-claims were asserted against B & T, which were also asserted as third-party claims against nine different third-party Defendants.

In response, B&T filed a "Motion to Remand" (D.E. No. 9) wherein B&T argued that this "*entire matter* should be remanded to state court." (*Id.* at Pg ID 169) (emphasis added); *see also* Pg ID 178, arguing that "[g]iven the absence of a significant federal question and the predominance of state law matters, Plaintiff moves to remand this case to state court" and Pg ID 180-82 "This case is predominately a state law dispute with only the interjection of a federal question being the parallel quotation of the Michigan Constitutional provisions regarding due process, which the state courts are fully equipped to hear. The remainder of the case deals with the violation of state and local laws lacking any basis for federal jurisdiction."). In that motion, B&T also noted that its claims "deal with the arbitrary taking of towing rights" and that Defendants' conduct relating to its towing permit "violates City ordinances, § 55-15-1 et seq., MCL 15.165(1), and MCL 600.4431." (*Id.* at 180 & 183).

This Court issued an Order to Show Cause (D.E. No. 35) wherein it ordered the parties to show cause why this Court should not decline to exercise supplemental jurisdiction over the state-law claims, counter-claims, and third-party claims in this action.

Thereafter, the City voluntarily dismissed its Counter-Complaint/Third-Party Complaint

and this Court declined to exercise supplemental jurisdiction over any state-law claims in this action and remanded B&T's state-law claims to Wayne County Circuit Court. Thus, the only claims that remain in this action are: 1) that portion of Count III of B&T's Complaint that asserts a substantive due process claim under the United States Constitution; and 2) that portion of Count IV of B&T's Complaint that asserts a procedural due process claim under the United States Constitution.

On October 18, 2017, B&T filed its Amended Motion for Preliminary Injunction. In its, B&T states that "[d]eliberate, irrational governmental action violates due process guarantees," and asserts:

> The facts in this case establish capricious governmental action. B&T has been a towing operator for decades. The 2016 Permit was terminated in a closed session without notice or explanation. The City is now taking steps to permanently replace B&T Towing despite the five-year term of the 2016 Permit. All of the City's actions were taken in direct violation of its own ordinance and established standards and procedures related to authorized towers. The City has not offered an explanation of its deviation from those procedures that would explain anything other than intentional conduct related to the termination of the 2016 Permit. These actions are arbitrary, unreasonable and irrational. The City's arbitrary and unreasonable actions have deprived B&T of a constitutionally protected property interest and this Court should grant this motion for a preliminary injunction.

(D.E. No. 37 at Pg ID 757).

After remanding the state-law claims asserted by B&T, on December 5, 2017, this Court held a status conference with the parties to discuss B&T's Amended Motion for Preliminary Injunction. During that conference, the City indicated that it intended to file a Motion to Dismiss. The parties also discussed whether B&T's due process claim was ripe, given that B&T did not allege that state-law remedies to address the due process claims are inadequate. Later that day, this Court issued an Order to Show Cause, wherein the Court directed the parties to

address this issue prior to any hearing on the preliminary injunction motion. (D.E. No. 54).

**B&T's Response To Show Cause Order**

In its response to the Show Cause Order, B&T discussed the *Parratt/Hudson* doctrine and its progeny and asserts that the "requirement that a plaintiff plead or prove inadequacy of state law remedies does not apply to a due process claim arising out of established state policy or procedures." (D.E. No. 56 at Pg ID 1828). B&T acknowledges, however, that the *Parratt/Hudson* doctrine does apply to "allegations of due process arising out of random and unauthorized conduct" (*Id*. at 1829) and that Sixth Circuit requires a plaintiff to plead and prove inadequacy of state law remedies for due process claims that arise out of random and unauthorized conduct. (*Id*. at 1830). B&T then argues that this case does not involve random or unauthorized acts. (*Id*. at 1836). It makes that argument, however, not by referring to any allegations in its complaint that indicate the due process claim arises out of established state policy or procedure. Rather, it appears to base its position on the various *arguments and defenses* that the City made in response to its Amended Motion for Preliminary Injunction. (*See Id*. at Pg ID 1836-1838) (wherein B&T states "The City does not disavow its actions terminating/voiding the permit or otherwise claim that its action were random or unauthorized").

**The City's Response To The Show Cause Order**

In its response to the Show Cause Order, the City asserts that the adequate state-law remedy analysis does apply here because B&T alleges that the City's conduct was random and unauthorized. The City states that B&T's claim must be "dismissed under the 'random and unauthorized' analysis, because that is how the Complaint characterizes [Defendants'] actions." (D.E. No. 57 at Pg ID 1885). In support of that position, the City directs the Court to several

6

cases, including *Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442 (6th Cir. 2008).

The City's response also argues that, even if that were not the case: 1) B&T is required to prove the inadequacy of state remedies because the City was responding to an emergency situation; and 2) that the adequacy of state-law remedies analysis also applies here because the thrust of B&T's claim is that the City breached a contract. The City also included arguments concerning B&T's substantive due process claim in its response to the Show Cause Order.

**B&T's Reply To The Show Cause Order**

B&T asked that it be allowed to file a reply brief, primarily because the City had raised additional issues not addressed in the Show Cause Order. This Court allowed that request and has considered the reply brief filed by B&T.

## ANALYSIS

While exhaustion of state remedies is "not a prerequisite to the bringing of a § 1983 claim in federal court," the "necessity of proving the inadequacy of state remedies in some § 1983 claims is a species of the ripeness doctrine." *Macene v. MJW, Inc*., 951 F.2d 700, 703 (6th Cir. 1991); *see also Hardick v. City of Detroit*, 876 F.3d 238, 247 (6th Cir. 2017) ("the City has not yet denied the plaintiffs due process. Any constitutional violation 'is not complete unless and until the State fails to provide due process.'").

"'Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed. This deficiency may be raised sua sponte if not raised by the parties.'" *Bigelow v. Michigan Dept. of Nat. Resources,* 970 F.2d 154, 157 (6th Cir. 1992) (quoting *Southern Pac.*

*Transp. Co. v. City of Los Angeles,* 922 F.2d 498, 502 (9th Cir. 1990)).

In the Sixth Circuit, a § 1983 plaintiff like B&T "may prevail on a procedural due process claim by either (1) demonstrating that he is deprived of property as a result of established state procedures that itself violates due process rights; or (2) by proving that the defendants deprived him of property pursuant to a 'random and unauthorized act' *and* that available state remedies would not adequately compensate for the loss." *Macene*, 951 F.2d at 706 (emphasis in original); *see also Mitchell v. Fankhauser*, 375 F.3d 477, 481-84 (6th Cir. 2004) (stating that a plaintiff must plead and prove the inadequacy of state remedies when an alleged due process violation involves a random or unauthorized act).

As to those cases falling under the second category, such claims are not "'ripe' for consideration by a federal court because the state action at issue is not complete. If the state procedures adequately cure any alleged deprivation of property then due process has not been violated. The inadequacy of state remedies generally cannot be proven unless those remedies are exhausted." *Macene*, 951 F.2d at 706.

Whether B&T must plead and prove the inadequacy of state remedies depends on the procedural due process claim alleged by B&T in this case.

In *Magnum Towing*, a towing company and its owner brought asserted a § 1983 procedural due process claim, and other claims, after it was suspended from a city's towing list. *Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442 (6th Cir. 2008). The district court "rejected all of the company's claims as a matter of law" and the Sixth Circuit affirmed. *Id*.

As to the procedural due process claim, the Sixth Circuit found that, [i]n rejecting this

8

claim, the district court correctly reasoned that the company had failed to allege and prove the inadequacy of state remedies." *Id.* at 446. The court noted the two routes for proceeding with a procedural due process claim as stated in *Macene* and *Mitchell*, and concluded the claim asserted there was of the second category:

> Magnum Towing relied on the second theory—namely, the one requiring it to show there was no state remedy for its loss—and never argued that its injuries stemmed from an "established state procedure." A constant theme in this ten-year saga has been that vindictive officials were out to "get" the company, JA 269, and that it was "singled out" for mistreatment . . .

*Id.* at 446. The Court noted that the company asserted that but for the unauthorized acts of Defendant's officials, "the City's established procedures would give it relief." *Id*. Given that theory of liability, the Court concluded the company was required to plead and prove the inadequacy of state remedies.

"Even assuming that Magnum Towing possessed a property interest in its tow license and in its presence on the towing list, its procedural due process claims come up short because it 'cannot claim a denial of due process without explaining why the existing process is inadequate.'" *Id.* (citation omitted). The Sixth Circuit then noted the company had a procedural option under state law and that the company could offer no explanation why that "remedy, among others, could not have solved its problem with the supposedly unauthorized acts of the City's officers." *Id*. at 447.

The court explained that the company "must prove as an element of the claim that state procedural remedies are inadequate:

> A plaintiff, it is true, is not required to exhaust state remedies before pursuing a § 1983 procedural due process claim. *See Chaz Constr., LLC v. Codell,* 137

9

> Fed.Appx. 735, 741 (6th Cir. 2005). But it still must prove as an element of the claim that state procedural remedies are inadequate. "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury," *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587–88 (6th Cir. 2004), which is why "the plaintiff must attack the state's corrective procedure as well as the substantive wrong," *Meyers v. City of Cincinnati,* 934 F.2d 726, 731 (6th Cir. 1991) (internal quotation marks omitted).

*Id*. at 447. "In short, this flaw in the company's theory of liability doomed its due process claim against *both* the City and its officers." *Id.* (emphasis in original).

This Court concludes that, like the claim in *Magnum Towing*, the procedural due process claim asserted by B&T in this action is one in the second category and requires B&T to plead and prove that there are no adequate state law remedies available.

B&T's Complaint itself simply does not allege that it was deprived of property *as a result of any established state procedure that itself violates due process*. That is, B&T's Complaint does not allege that any of the City's ordinances, rules, or Charter provisions resulted in a denial of its due process rights. B&T's claim is that the City officials are simply ignoring the established rules and procedures (which are adequate) and acting in an arbitrary or random manner.

While B&T does not use the word "random," the gravamen of its complaint is that Defendants deprived it of property pursuant to random and unauthorized acts of the City's officers. *See, e.g., D'Amico v. City of Strongsville, Ohio*, 59 F. App'x 675, 676 (6th Cir. 2003) (wherein the Sixth Circuit interchangeably used the words "random" and "arbitrarily," in discussing the showing required for the second category of procedural due process claim: stating if the plaintiff contends the City's official "acted arbitrarily, then he needs to prove his remedies

were inadequate.").

B&T's Complaint and its other filings reflect that B&T's entire theory of liability in this case is that the City's ordinances, rules, and Charter provisions provide that a towing permit holder is afforded adequate procedural due process rights before a permit can be terminated, but that, because of personal animus toward B&T, the City's officials are arbitrarily disregarding those ordinances, rules, and provisions:

- B&T's Complaint alleges that although it was issued a towing permit by the Defendant Board to operate in the City until 2021, the Defendant Board "has a history of animosity toward" B&T. (Compl. at 3). B&T alleges that, in violation of the City's ordinances, the City's Charter, rules promulgated by the Defendant Board, and in violation of Michigan's Open Meetings Act, the City terminated B&T's towing permit. B&T alleges that the termination "decision was made in secret at a closed session, without any input or defense by Plaintiff, in contradiction of the strict procedures outlined in the ordinance" and that "Defendants' arbitrary and capricious actions" amount to a violation of B&T's procedural due process rights. (*Id*. at 10).

- B&T's Motion to Remand noted that its claims "deal with the arbitrary taking of towing rights." (D.E. No. 9 at Pg ID 180).

- B&T's Amended Motion for Preliminary Injunction notes that "[d]eliberate, irrational governmental action violates due process guarantees," and asserts: "The facts in this case establish capricious governmental action. B&T has been a towing operator for decades. The 2016 Permit was terminated in a closed session without notice or explanation. The City is not taking steps to permanently replace B&T Towing despite the five-year term of the 206 Permit. All of the City's actions were taken in direct violation of its own ordinance and established standards and procedures related to authorized towers. The City has not offered an explanation of its deviation from those procedures that would explain anything other than intentional conduct related to the termination of the 2016 Permit. These actions are arbitrary, unreasonable and irrational. The City's arbitrary and unreasonable actions have deprived B&T of a constitutionally protected property interest and this Court should grant this motion for a preliminary injunction." (D.E. No. 37 at Pg ID 757).

Accordingly, this Court concludes that the procedural due process claim asserted by B&T in this action is the second category – that it was deprived of property pursuant to random and

unauthorized acts of the City's officers – and B&T is therefore required to plead and prove that there are no adequate state law remedies available. That is, in order to proceed with a federal procedural due process claim in this action, B&T "need[s] to show that Michigan offers no statutory or common law remedy." *Hardrick v. City of Detroit*, 876 F.3d 238, 247 (6th Cir. 2017). In the Show Cause Order, this Court noted:

> Here, Plaintiff asserts due process claims under federal law. Plaintiff's complaint, however, does not allege that state-law remedies to address the alleged wrongs are inadequate. (*See* Complaint at Pg ID 19-22). Moreover, it appears that Plaintiff can bring a freestanding mandamus claim under Michigan law (*see* Mich. Comp. Laws § 600.4401 et seq. ) – and has done so in connection with this case, as was the situation in *Martinez*. That state-law claim is currently proceeding before the Wayne County Circuit Court, as this Court declined to exercise supplemental jurisdiction over any state-law claims in this action.
> Accordingly, it appears that Plaintiff cannot proceed with a federal due process claim in this action because Plaintiff has at least one adequate state-law remedy available to it – the state-law mandamus claim that is currently proceeding in the Wayne County Circuit Court.

(Show Cause Order).

In responding to the Show Cause Order, B&T asserts that it is not required to show the lack of adequate state law remedies. But as the City's response notes, B&T "does not claim the state remedy referenced in the Order to Show Cause is inadequate." (D.E. No. 57 at Pg ID 1890). This Court concludes that B&T has an adequate state-law remedy available to it – the freestanding mandamus claim under Michigan law, that is currently proceeding in B&T's chosen forum, Wayne County Circuit Court. *See, e.g., Martinez v. City of Cleveland*, __ F. App'x __, 2017 WL 6th Cir. 2017). B&T Towing has offered no explanation as to why that remedy "among others, will not solve "its problem with the supposedly unauthorized acts of the City's officers." *Magnum Towing, supra* at 447.

Accordingly, B&T's federal procedural due process claim is not "'ripe' for consideration

12

by a federal court because the state action at issue is not complete.  If the state procedures adequately cure any alleged deprivation of property then due process has not been violated." *Macene*, 951 F.2d at 706.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's federal procedural due process claim is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

                                      s/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated:  January 9, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 9, 2018, by electronic and/or ordinary mail.

                                      s/Jennifer McCoy
                                      Case Manager