UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Boulevard & Trumbull Towing, Inc.,

    Plaintiff,

v.                                                  Case No. 17-12446

City of Detroit, *et al.*,                   Sean F. Cox
                                                      United States District Court Judge

    Defendants.
_____/

**OPINION & ORDER
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Boulevard & Trumbull Towing, Inc., ("B&T") filed this action against Defendants the City of Detroit, the City of Detroit Police Department, and the City of Detroit's Board of Police Commissioners (referred to collectively as "the City") in Wayne County Circuit Court. Defendants removed the action to federal court. At this juncture, the only remaining claim in this action is that portion of Count III of B&T's Complaint that asserts a substantive due process claim in violation of the United States Constitution. The matter is currently before the Court on the City's Motion for Summary Judgment, filed after the close of discovery in this matter. The parties have briefed the issues and the Court heard oral argument on May 23, 2019. For the reasons set forth below, the Court shall GRANT the motion.

**BACKGROUND**

On July 28, 2017, Plaintiff B&T filed this action against Defendants in Wayne County Circuit Court. Defendants removed the action to federal court based upon federal-question jurisdiction. At this juncture, the only remaining claim in this action is that portion of Count III

1

of B&T's Complaint that asserts a substantive due process claim in violation of the United States Constitution.

**B&T's Substantive Due Process Claim**

B&T is a towing company. (Compl. at ¶ 9). Gasper Fiore is a "well-known business man," who was an owner of B&T. (Compl. at ¶ 13).

B&T alleges that it maintained a business relationship with the City for more than thirty years. B&T was issued a towing permit on June 1, 2016, that by its terms was to expire on May 31, 2021. (Compl. at ¶ 24).

In 2017, Gasper Fiore was indicted in a criminal case in this Court. (Compl. at ¶ 15). On June 15, 2017, "over two weeks after the reported indictment of Gasper Fiore's, a meeting of the Board was held." (Compl. at ¶ 26). After a closed session, the Board adopted a resolution suspending B&T's towing permit. (Compl. at ¶ 27). B&T's Complaint further alleges that:

31. The Board resolution and minutes of the June 15, 2017 Board meeting do not state the reasons for the termination, nor indicate under which provision of Detroit Ordinance § 55-15-1 the permit was terminated.

32. No hearing was provided nor offered either prior to the June 15, 2017 Board meeting, or since.

33. To date, [B&T] has not even been provided any written notice that its permit has been terminated, although various reports use the term "suspended."

(Compl. at ¶¶ 31-33).

B&T alleges that the City's conduct amounts to a substantive due process violation under the United States Constitution because it "shocks the conscience" or "fails to survive rational-basis review." (Compl. at ¶ 47). B&T alleges that the City violated its substantive due process rights by: 1) failing to abide by Michigan's Open Meetings Act; 2) failing "to follow the

2

procedures mandated by Detroit Ordinance § 55-15-1(4) and § 55-15-1 et seq."; 3) terminating/suspending B&T's permit without prior notice or opportunity to be heard; and 4) past "animosity" expressed towards B&T by a prior Board member, before it was granted the permit at issue. (Compl. at ¶ 48 and ¶¶ 17 & 22).

**The Pending Summary Judgment Motion In This Case**

Discovery in this action closed on November 30, 2018. (ECF No. 72). On January 2, 2019, the City filed a Motion for Summary Judgment. The following material facts are relevant to the pending motion.

B&T is a towing company. (Compl. at ¶ 9). B&T's complaint acknowledges that Gasper Fiore is a "well-known business man," in the Detroit area who was an owner of B&T. (Compl. at ¶ 13).

In 2016, B&T was awarded a permit to tow vehicles for the Detroit Police Department. The permit covered a five-year period, beginning on June 1, 2016, and expiring on May 31, 2021. (Pl.'s & Defs.'s Stmts., ECF Nos. 82-1 & 88, at ¶ 1).

All applicants for a towing permit with the Detroit Police Department, including B&T, agreed to be bound by the terms and conditions of the towing permit. (*Id.* at ¶ 2). Those towing rules, which B&T agreed to abide by, state that: "[t]he city may immediately terminate any towing permit with a tow company for fraud or criminal conduct by the tow company or its employees, provided, however, that as soon as practicable, the permit holder shall be afforded an opportunity for a hearing before the Board of Commissioners or the Board's designee following which hearing the Board shall either affirm or rescind the termination." (*Id.* at ¶ 3).

On May 31, 2017, Gasper Fiore was indicted on multiple counts of federal bribery-

3

related charges in the United States District Court for the Eastern District of Michigan. (*Id*. at ¶ 5; Defs.' Ex P, ECF No. 47 in Criminal Case No. 16-CR-20732).

Willie E. Bell is the Chair of the Detroit Board of Police Commissioners ("BOPC") and has served as a member of the BOPC since 2014. (Bell Affidavit, Defs.' Ex. F). Bell's affidavit states, in pertinent part:

> 4. In 2016, the BOPC issued a permit to B&T that allowed B&T to tow vehicles for the DPD.
>
> 5. The permit issued to B&T was one of a number of permits issued to local towing companies. B&T's permit was, in all relevant respects, identical to the permits issued to other towing companies.
>
> 6. Prior to its June 15, 2017 meting, the BOPC learned that Gasper Fiore had been indicted by the United States Department of Justice.
>
> 7. At its June 15, 2017 meeting, the BOPC went into a closed session to speak with counsel regarding the BOPC's legal options.
>
> 8. During the June 15, 2017 meeting, the BOPC passed a resolution to rescind the 2016 towing permit that had been issued to B&T.
>
> 9. The decision to terminate was based upon the fact that Mr. Fiore had been indicted.
>
> 10. The BOPC's intention was to avoid having the City or DPD knowingly and willingly do business with an individual or company credibly accused of being engaged in corruption.

(*Id*.).

On June 15, 2017, the BOPC rescinded the permit issued to B&T. (Pl.'s & Defs.' Stmts. at ¶ 6).

B&T filed its complaint in this matter on July 10, 2017. None of the claims involve allegations of physical force by any of the Defendants. (Pl.'s & Defs.' Stmts. at ¶ 7).

In October of 2017, former Detroit Police Department Deputy Chief Celia Washington

4

was indicted on federal bribery charges in the United States District Court for the Eastern District of Michigan. (Pl.'s & Defs.' Stmts. at ¶ 8; *see also* Criminal Case No. 17-CR-20662). In her Rule 11 Plea Agreement, Washington acknowledged that an owner of multiple towing companies, which held towing permits in the City of Detroit, gave her money in the hope that she would provide assistance in securing favorable treatment in connection with towing rotations with the City. (*Id*. at ECF No. 28).

On or about December 14, 2017, Gasper Fiore pleaded guilty to Conspiracy to Commit Federal Program Bribery in Criminal Case Number 16-20732. (Defs.' Ex. A). Gasper Fiore is currently serving a prison sentence in connection with that case.

Gasper Fiore did not resign his position with B&T until August of 2016. Both Gasper Fiore and Ceila Washington pled guilty to crimes that were committed while Fiore was a shareholder and director of B&T. (Pl.'s & Defs.' Stmts. at ¶ 9).

After Fiore's criminal proceedings were completed, the City of Detroit's Office of Inspector General held an administrative proceeding involving B&T. B&T asserts that the City improperly tried to use that OIG proceeding to substitute as the hearing required by the towing rules. (*See* Pl.'s Stmt. at ¶ 10 n.3). On November 2, 2018, the OIG issued a final recommendation that the City of Detroit no longer do business with B&T. (Pl.'s & Defs.' Stmts. at ¶ 13; Defs.' Ex. J).

**Relevant Rulings In State Court Case**

While this federal case has been proceeding, B&T has simultaneously been pursuing a procedural due process claim, and other related claims against the City, in Wayne County Circuit Court. On April 25, 2019, the state court issued an Order (ECF No. 91-1) in that case wherein it

5

granted summary judgment in favor of the City as to B&T's substantive due process claim, under Michigan law, stating:

> In this case, [B&T] has failed to provide any factual support for its substantive due process claim. That is, [B&T] has failed to identify any action taken by Defendants that "shocks the conscience." [B&T's] towing permit was terminated following the federal indictment of Fiore, who eventually pled guilty to bribing public officials. The Towing Rules allow the termination of a permit following criminal conduct by an owner or employee of the towing company. The fact that [B&T] was not given a timely hearing following the termination does not "shock the conscience" of this Court. According, the Court will grant Defendants summary disposition on the substantive due process claim.

(*Id*. at 8-9).

The state court further ruled that B&T's *procedural* due process rights *were violated* "when it was not afforded a timely and meaningful hearing following the termination of its permit in June of 2017." (*Id*. at 7). Given that finding, the state court did not address B&T's "claim that the Inspector General's dual role as investigator and adjudicator at the June 28, 2018 hearing" violated its procedural due process rights. (*Id*. at 8). Thus, the state court granted summary judgment in favor of B&T on its procedural due process claim. The state court further stated that "having determined that [B&T's] procedural due process rights were violated when Defendants failed to hold a hearing as set out in the Towing Rules, *this Court may order such a hearing to take place.*" (*Id*. at 9) (emphasis added).

The state court granted summary judgment in the City's favor as to B&T's claim that the City violated Michigan's Open Meetings Act, ruling that B&T failed to establish a violation of the Act. (*Id*. at 10).

## STANDARD OF DECISION

Summary judgment is proper where the record shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has done so, the non-moving party must point to evidence supporting its position that is "significantly probative." *Liberty Lobby*, 477 U.S. at 249. The mere existence of a "scintilla of evidence" in support of the plaintiff's position is insufficient to defeat a motion for summary judgment. *Id.*

**ANALYSIS**

Again, the only claim that remains in this case is B&T's federal substantive due process claim. In the pending motion, the City argues that it is entitled to summary judgment as to this claim because B&T cannot produce any evidence that the City violated any liberty or property interest of B&T's that is subject to substantive due process protection. The City notes that B&T claims a property interest in the tow permit and has not alleged any other protected interest. The City argues that even if B&T had a property interest in the permit, such that it is entitled to procedural due process protections, that interest is not protected by substantive due process because state-created contract rights do not fall within the narrow class of interests protected by substantive due process. The City further argues that B&T cannot present evidence to show that anything the City did, or failed to do, meets the "shocks the conscience" standard. (Defs.' Br. at 9).

The City further asserts that the substantive due process claim fails for the additional

7

reason that the City's conduct is subject to a highly deferential rational basis review and the City had a rational basis for its actions:

> On May 31, 2017, Gasper Fiore was indicted on federal criminal charges including conspiracy to commit bribery. Ex. P., Fiore Indictment. The day after Fiore's indictment was announced, B&T sent the City a document identified as minutes from a company meeting. The document purportedly showed that Gasper Fiore officially resigned his position with B&T in August of 2016. Ex. G, B&T Corporate Minutes. However, according to the federal indictment against Fiore, the crimes for which he was charged, and to which he subsequently plead guilty, took place between March and June of 2016. Ex. P, Fiore Indictment, p. 12-15. Based on the federal indictment and B&T's own records, Gasper Fiore engaged in criminal conduct while he was the president, a director and shareholder of B&T. In addition to the crimes listed in the indictment, it is indisputable that Fiore paid bribes to former DPD Deputy Chief Celia Washington in an attempt to aid B&T's position on the DPD towing rotation list. Ex. C, p. 2-3. These crimes also took place prior to Fiore's alleged resignation in August of 2016. *Id.*
> Two weeks after Fiore's indictment, the BOPC, at its regularly scheduled meeting, voted to rescind the towing permit that had been issued to B&T. Ex. E, BOPC Meeting Minutes. Gasper Fiore's criminal conduct was the sole reason for the decision to terminate B&T's permit. Ex. F, ¶ 9. Before the indictment, the BOPC had no discussions regarding the possibility of terminating B&T's permit. By rescinding the permit, the BOPC sought to prevent the City or DPD from knowingly and willingly doing business with individuals or businesses credibly accused of being involved in corruption. *Id.*, ¶ 10.
> Gasper Fiore's criminal conduct certainly provided the City with a rational basis to terminate B&T's towing permit. *See e.g., Systemic Recyclying LLC v. City of Detroit*, 635 F. App'x 175, 183 (6th Cir. 2015). ("Detroit's decision not to renew [a contract] was not unconstitutionally arbitrary; it was predicated upon suspicion that the [contract] had been obtained through bribery."). Here, the City was not acting based on suspicion of wrongdoing, but on actual evidence of criminal conduct by B&T's president, unquestionably providing the City with a rational basis to terminate the permit.

(Defs.' Br. 10-12).

In the final section of its brief, the City addresses some miscellaneous allegations in B&T's complaint, and explains how they would not support a substantive due process claim even if they were true. That section asserts that B&T's allegations regarding some prior bias from a Board member, before it was given the permit at issue, cannot support a substantive due

8

process claim. The City also asserts that there were no violations of the Open Meetings Act and, even if there had been, such violations would not give rise to a substantive due process claim.

In its response, B&T's arguments go more to procedural due process than substantive due process. First, it starts its argument section by noting that state-created contract rights are protected by procedural due process. It then asserts that it has a protected interest in the towing permit, and directs the Court to the decision in *Nationwide Recovery, Inc. v. City of Detroit*, 2017 WL 12378 (E.D. Mich. 2018).

B&T then argues that it can support a substantive due process claim against the City because it can show that the termination of its permit constitutes arbitrary and capricious governmental action. B&T notes that its permit "was terminated in a closed session without notice or explanation" and then asserts that the "City has not offered any explanation for deviation from its procedures that would explain anything other than intentional conduct related to termination of the permit." (Pl.'s Br. at 16-17).

The remainder of B&T's brief argues that it can somehow bring a substantive due process claim in this action because the processes and procedures before the OIG (issues that go to procedural due process) are insufficient and do not constitute "the required due process hearing" to which B&T is entitled. (*Id*. at 17).

This Court shall grant the City's motion because B&T cannot proceed with a substantive due process claim against the City in this case.

Under the Fourteenth Amendment, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV, § 1. Deprivations of

due process fall into two categories: 1) violations of procedural due process; and 2) violations of substantive due process. *Mansfield Apt. Owners Ass'n v. City of Mansfield*, 988 F.2d 1469, 1473-74 (6th Cir. 1993); *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014).

"In order to assert a valid procedural due process claim, a plaintiff first must show that it has been deprived of a protected property interest." *McCormick & Assocs., Inc. v. City of Detroit*, 61 F. App'x 953, 955 (6th Cir. 2003). Thus, "[a]bsent a protected property interest, a plaintiff cannot assert a due process violation." *Id*.

Here, B&T's complaint alleged a procedural due process claim, alleging that its five-year towing permit is such a protected property right. Notably, however, that procedural due process claim is no longer pending in this case.

In opposing the pending motion, B&T argues that it has pled a substantive due process claim and argues that the 2016 permit is a protected property interest. B&T stresses that the district court in *Nationwide Recovery, Inc*. found that a towing permit is a constitutionally protected interest. But that was a decision that addressed a *procedural* due process claim, not a substantive due process claim.

And the Sixth Circuit has "adopted the position that not all property interests that create procedural due process protections necessarily create substantive due process rights." *Mansfield Apt. Owners Ass'n v. City of Mansfield*, 988 F.2d 1469, 1477 (6th Cir. 1993). Even if a protected property interest exists that enables B&T to proceed with a procedural due process claim against the City, as it is in the state-court litigation, that does not mean that B&T can pursue a substantive due process claim.

Substantive due process violations can be "subdivided into: (1) deprivations of a

10

particular constitutional guarantee and (2) actions that 'shock the conscience.'" *Mansfield Apt. Owners Ass'n*, 988 F.2d at 1474.

"Substantive due process is '[t]he doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed." *Range*, 763 F.3d. at 588 (citation omitted). Substantive due process affords only those protections so rooted in the traditions and conscience of our people as to be ranked as fundamental. *In re City of Detroit*, 841 F.3d 684 , 699 (6th Cir. 2016). "These rights are 'implicit in the concept of ordered liberty, such that neither liberty or justice would exist if they were sacrificed.'" *Id.* (citation omitted). Thus, the list of fundamental rights "is short" and "seldom expanded." *Id.* "Rights derived from state law, as opposed to the constitution, usually do not make the cut." *Id.* As such, most state-created rights that qualify for procedural due process protections do not rise to the level of substantive due process protection. *Id.*

Thus, even if B&T had a property interest in the permit that entitles it to procedural due process protections, that does not entitle it to substantive due process protections because state-created contract rights do not fall within the narrow class of interests protected by substantive due process.

B&T's Complaint in this action does not allege there is a particular constitutional guarantee to the requirements of the Open Meetings Act or to a towing ordinance being followed, nor does B&T expressly allege that the City infringed on a fundamental right or liberty interest. That is, there are no allegations in the Complaint as to the deprivation of any particular constitutional guarantee. Rather, it generically asserts that the City's conduct resulted in "Deprivation of its constitutional rights as a corporate citizen." (Compl. at 9).

That leaves the Court to consider whether B&T can pursue a substantive due process claim by virtue of presenting evidence to establish that the City's actions "shock the conscience" and/or have no rational basis. That is difficult to do.

Generally, conduct that "shocks the conscience" is conduct that is so brutal and offensive that it does not comport with traditional notions of fair play and decency. *Puckett v. Lexington-Fayette Urban Cty. Gov't*, 566 Fed. App'x 462, 472 (6th Cir. 2014). As the City's motion notes, the Sixth Circuit has resisted applying that standard except in cases involving physical force. *See, e.g., id.* at 472 ("Generally, the 'shocks the conscience' strain of successful substantive due process claims is recognized 'in the exclusive context of cases involving physical abuse.'"). This case does not involve any allegations of physical force.

Moreover, this Court agrees with the City that B&T has failed to establish that the City's conduct "shocks the conscience" in any event. As the City persuasively argues:

> Termination of a towing permit, no matter the circumstances, could not possibly "shock the conscience." Nor could it shake the very foundations of society or violate the "decencies of civilized conduct." Here, especially, the decision was made after B&T's owner and operator was indicted for bribery. That is not shocking. That is simply good government.
> Similarly, there is no basis to allege – and no case law that would support the allegation – that a violation of City Ordinances, the Open Meetings Act, or procedural hearing rules, could possibly give rise to a substantive due process claim. If B&T's theory were adopted, then essentially every single statute, procedure or government action could support a substantive due process allegation.

(Defs.' Br. at 9).

The Court further agrees with the City that B&T's substantive due process claim fails because it cannot establish that the City lacked a rational basis for its conduct. In support of its position, the City directs the Court to *Systematic Recycling, LLC v. City of Detroit*, 635 F. App'x

12

175 (6th Cir. 2015). That case is on-point.

In that case, the issue was whether the City of Detroit violated the plaintiff's substantive due process rights by failing to renew a host community agreement ("HCA") and subsequently revoking a permit and zoning grant. After the plaintiff "obtained the requisite HCA, it came to light that the individual who procured the HCA had bribed certain members of the City Council in order to ensure its adoption by the city. Citing the fraud," the City "decided to allow the HCA to lapse rather than renewing it." *Id*. at 177. The plaintiff filed suit against the city, asserting several claims, including a substantive due process claim. The city filed a motion to dismiss or, in the alternative, for summary judgment. The district court treated the motion as a motion for summary judgment and granted summary judgment in favor of the city. The Sixth Circuit affirmed.

In doing so, the Sixth Circuit noted that under a substantive due process theory, the nonrenewal decision would be "unconstitutional only if it was either arbitrary or irrational." *Id*. at 180. That means there must be no rational basis for the decision. *Id*. at 182. It noted that standard "makes short work of [the plaintiff's] claim. Detroit's decision not to renew the HCA was not unconstitutionally arbitrary; it was predicated upon suspicion that the HCA had been obtained through bribery." *Id*. at 183. In other words, there could be no dispute that the city's "nonrenewal decision was grounded in reason – the suspected fraud." *Id*. at 180.

Here, the City has presented evidence to establish that it terminated B&T's towing permit because Gasper Fiore had been indicted and the City wished to avoid doing business with a company whose owner or employee had been credibly accused of being engaged in corruption. (*See* Affidavit of Willie E. Bell). Thus, like the decision in *Systematic Recycling*, the City's

13

conduct was grounded in reason.

Accordingly, the Court shall grant summary judgment in favor of the City as to B&T's federal substantive due process claim, its sole remaining claim in this action.[1]

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' summary judgment motion is GRANTED and B&T's sole remaining claim in this action (its federal substantive due process claim) is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: May 28, 2019

---

[1] The Court notes that, without seeking leave to do so, B&T filed a supplemental brief complaining about events that occurred in the OIG process with the City. The City filed a motion asking the Court to either strike that unauthorized brief or allow it to file a response. Notably, the substantive due process claim that B&T alleged in this case was not based upon the OIG proceedings. Given the analysis above concerning the substantive due process claim that was alleged in this case, and the state-court's rulings on B&T's procedural due process claim, this Court need not address the various alleged facts concerning the OIG proceedings.